J-S51036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN DOUGLAS GEBHART, | : | |
| | : | |
| Appellant | : | No. 1773 MDA 2013 |

Appeal from the Judgment of Sentence entered on February 4, 2011
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0005854-2008

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED SEPTEMBER 22, 2014**

Steven Douglas Gebhart ("Gebhart") appeals from the judgment of sentence imposed following his conviction of theft by deception, corrupt organizations, and deceptive business practices.[1] We affirm.

Because the parties are amply familiar with the facts underlying this case, we will not set them forth at length herein.[2] In sum, Gebhart had incorporated five separate companies, all of which were involved in the

---

[1] **See** 18 Pa.C.S.A. §§ 3922(a)(3), 911(b)(3), 4107(a)(2).

[2] This Court previously set forth the voluminous evidence presented against Gebhart in a Memorandum pertaining to the direct appeal filed by one of Gebhart's co-defendants, Holly Kile ("Kile"). **See Commonwealth v. Kile**, 1359 MDA 2011 (Pa. Super. filed Sept. 24, 2012) (unpublished Memorandum at 3-14).

business of constructing "pole buildings."[3]  Beginning in 2004, Gebhart began to accept money from customers for construction projects he knew that he could not perform due to financial difficulties.  Gebhart was aided in this regard by Kile, his employee and then-girlfriend.  The Commonwealth presented numerous witnesses at Gebhart's trial who testified that they had paid Gebhart for work or materials and never received the promised goods or services.  These witnesses all essentially testified that Gebhart and/or his employees had failed to complete the pole buildings for which Gebhart had accepted payment, or never performed any work at all.  The Commonwealth also presented testimony from some of Gebhart's employees, who described his fraudulent business practices.  Additionally, the Commonwealth introduced into evidence recordings of conversations between Gebhart and Kile, while Gebhart was in jail, wherein they discussed their fraudulent conduct, and how to continue defrauding customers despite Gebhart's incarceration.

After the Commonwealth charged Gebhart with the above-mentioned offenses, the matter was scheduled for a jury trial.  Gebhart subsequently filed several Pre-Trial Motions, including (1) a Motion seeking to dismiss the charges against him based on his claim of selective and vindictive prosecution (hereinafter "Selective/Vindictive Prosecution Motion"); (2) a

---

[3] This Court explained in Kile's direct appeal that "[p]ole buildings are basically structures built on top of the ground without a foundation and supported by poles.  Pole buildings include garages, barns, and roofed picnic pavilions." *Kile*, 1359 MDA 2011 (unpublished Memorandum at 4).

Motion to dismiss the charges based upon the running of the applicable statute of limitations; and (3) a Motion to dismiss the charges because of double jeopardy. The trial court denied all of these Motions.

In September 2009, the trial court removed Gebhart's retained counsel, Andrew Ostrowski, Esquire ("Attorney Ostrowski"), from representing Gebhart due to a conflict of interest because Attorney Ostrowski had previously represented Kile, Gebhart's co-defendant, in connection with this case. Thereafter, Gebhart retained alternate counsel.

At the conclusion of the trial held in November 2010, the jury found Gebhart guilty of the above-mentioned offenses. The trial court sentenced Gebhart to serve an aggregate prison term of 52 to 104 months. Gebhart's counsel did not timely file a direct appeal.

Following a procedural history that is not relevant to this appeal, in April 2013, Gebhart filed a *pro se* Petition under the Post Conviction Relief Act ("PCRA"),[4] seeking reinstatement of his direct appeal rights, *nunc pro tunc*. The PCRA court granted relief, permitting Gebhart to file the instant appeal *nunc pro tunc*, and appointing him counsel. Gebhart timely filed a Notice of Appeal. In response, the trial court ordered Gebhart to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Gebhart timely filed a Concise Statement.

On appeal, Gebhart presents the following issues for our review:

---

[4] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

   I.   Did the [trial c]ourt err in denying [Gebhart's] request for dismissal based upon selective and vindictive prosecution?

   II.   Did the [trial c]ourt err in not dismissing the charges against [Gebhart,] as they were barred by the applicable statute of limitations?

   III.   Did the [trial c]ourt err in removing [Attorney Ostrowski,] thus unjustly denying [Gebhart] counsel of his choosing?

   IV.   Did the [trial c]ourt err in not dismissing the case or charges against [Gebhart] as a result of double jeopardy?

   V.   Did the jury err in finding [Gebhart] guilty[,] as that decision was not supported by sufficient evidence in that the Commonwealth failed to meet the elements necessary for the offenses?

Brief for Appellant at 5 (issues numbered).

Gebhart first argues that the trial court erred in denying his Selective/Vindictive Prosecution Motion. *Id.* at 16-18. Gebhart points out that in September 2006, he filed a federal civil rights action against a Northern York Regional police officer and a Pennsylvania State Trooper, and, according to Gebhart, the Commonwealth improperly filed the above-mentioned charges against him in retaliation for his civil rights action. *Id.* at 16.

Upon review, we conclude that Gebhart has waived his challenge to the denial of the Selective/Vindictive Prosecution Motion because his counsel expressly withdrew this Motion, with prejudice, at a pre-trial hearing. ***See***

N.T., 3/30/10, at 5-6; *see also* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal). However, even if this claim was not waived, we would conclude that it lacks merit.

> In order to establish a *prima facie* case of selective prosecution, [an a]ppellant must establish, first, that others similarly situated were not prosecuted for similar conduct, and, second, that the Commonwealth's discriminatory prosecutorial selection was based on impermissible grounds such as race, religion, the exercise of some constitutional right, or any other such arbitrary classification. … Because of the doctrine of separation of powers, the courts will not lightly interfere with an executive's decision of whom to prosecute.

***Commonwealth v. Murphy***, 795 A.2d 997, 1000 (Pa. Super. 2002) (citations omitted).

With regard to a claim of prosecutorial vindictiveness, this Court has observed that there are

> two distinct situations in which the appearance of vindictiveness may require inquiry and judicial intervention. The first is where a prosecutive decision is based on discriminatory grounds of race, religion, national origin or other impermissible classification. The other situation is where the accused is treated more harshly because he successfully exercised a lawful right, *e.g.*[,] the right to seek a new trial.

***Commonwealth v. Smith***, 664 A.2d 622, 628-29 (Pa. Super. 1995) (citations omitted).

In an Order pertaining to Gebhart's Selective/Vindictive Prosecution Motion, the trial court correctly rejected this claim, reasoning as follows:

> [Gebhart] has failed to meet his burden of establishing selective prosecution[,] as there was no credible evidence presented that others similarly situated were not prosecuted for similar conduct.

* * *

    [Regarding Gebhart's claim of vindictive prosecution, i]t is true that the current charges in the above-captioned matter were filed after [Gebhart] filed his federal civil rights lawsuit. However, the [trial c]ourt found the testimony of the officers and [the] Chief of Police to be credible and determined that there was a valid explanation as to why the charges were filed when they were filed.

    Regarding the charges pertaining to [Gebhart's] business practices, the investigation was ongoing[,] even though [Gebhart] may not have been aware of that fact. It was clear from the credible evidence presented by the Commonwealth that these charges were not filed to punish [Gebhart] for filing the federal civil rights lawsuit.

Order, 6/29/13, at 2-3 (citations to record omitted). We would affirm based upon the trial court's reasoning and credibility determinations regarding this issue, if it was not waived. *See id.*

In his second issue, Gebhart points out that the applicable statute of limitations for each of the offenses of which he was convicted is five years, and, according to Gebhart, the trial court erred in refusing to dismiss these charges, as they were barred by the statute of limitations. *See* Brief for Appellant at 19-20; *see also* 42 Pa.C.S.A. § 5552(b) (providing for a five-year statute of limitations for the offenses of theft by deception, corrupt organizations, and deceptive business practices). Gebhart argues that several of the Commonwealth's witnesses testified at trial regarding alleged criminal conduct that occurred more than five years before the

Commonwealth filed the charges against Gebhart. **See** Brief for Appellant at 19-20.

The trial court addressed this claim in its Opinion and correctly determined that the charges were not barred by the statute of limitations. **See** Trial Court Opinion, 12/27/13, at 1-6. We affirm based on the trial court's rationale with regard to this issue. **See id.**

As an addendum, we observe that in situations, such as in the instant case, where the Commonwealth charges an individual alleging a continuing course of criminal conduct, the statute of limitations does not begin to run until the time when the complicity of the accused in the course of conduct is terminated. **See** 42 Pa.C.S.A. § 5552(d) (providing that "[a]n offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated."). Each of the offenses implicated in the instant case specifically allow the Commonwealth to proceed with the charges as a course of conduct. **See** 18 Pa.C.S.A. §§ 3903(c)(3), 911(c), 4107(a.1)(2).

Next, Gebhart argues that the trial court erred, and improperly deprived him of the counsel of his choosing, when it removed Attorney Ostrowski. **See** Brief for Appellant at 20-22. We disagree.

The trial court addressed this claim and set forth the applicable law in its Opinion, and we affirm on this basis in rejecting Gebhart's third issue. *See* Trial Court Opinion, 12/27/13, at 9-10.

In his fourth issue, Gebhart contends that the prosecution violated his double jeopardy rights. *See* Brief for Appellant at 22-23.[5]

The trial court addressed this claim in its Opinion, and discussed the relevant background and law. *See* Trial Court Opinion, 12/27/13, at 6-9. We affirm based on the trial court's analysis and conclusion that no double jeopardy violation occurred in this case. *See id.*

Finally, Gebhart challenges the sufficiency of the evidence supporting his convictions. *See* Brief for Appellant at 23-26. Gebhart points out that all of the offenses of which he was convicted require proof of the accused's criminal intent. *Id.* at 25-26. According to Gebhart, the Commonwealth failed to present sufficient evidence for the jury to find intent:

> The testimony was clear that [Gebhart] had a business and that he entered into a number of contracts to perform services in exchange for money. In some of the cases, he performed some work[,] and in [other cases,] there was testimony that he did not perform any work. What was not disputed is that [Gebhart] was incarcerated through no fault of his own for a period of over one year. While in jail, he did everything possible to get work done on the contracts. [Gebhart] even contacted customers to inform them of his difficulties. There was absolutely no intent on

---

[5] Gebhart advances scant analysis in support of this claim. He asserts that he "was convicted of theft by deception in the present case[,] and that charge should not have been permitted[,]" based upon his allegation that the Commonwealth had previously charged him with theft by deception in other cases, and some of these charges were either dismissed or withdrawn. Brief for Appellant at 22-23.

> [Gebhart's] part not to perform under the terms of the contract[s]. Rather[,] he did everything possible. Therefore, the [trial c]ourt erred in finding that the verdicts of guilty were supported by sufficient evidence.

*Id.* at 26.

Initially, we note that

> when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [court-ordered Pa.R.A.P. 1925(b) concise] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where … the [a]ppellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citations and quotation marks omitted). If the appellant does not specify such elements, the sufficiency claim is deemed waived. *Id.* It is also well settled that "[w]hen the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided the functional equivalent of no Concise Statement at all." *Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008) (citations and internal quotation marks omitted); *see also* Pa.R.A.P. 1925(b)(4)(ii) (providing that "[t]he Statement shall concisely identify each ruling or error that the appellant intends to challenge *with sufficient detail to identify all pertinent issues for the judge*." (emphasis added)).

Here, Gebhart, in his Rule 1925(b) Concise Statement, raised a vague challenge to the sufficiency of the evidence,[6] in which he failed to specify the element or elements, or even the specific crimes, forming the basis of his sufficiency challenge. Based upon this deficiency, the trial court determined that Gebhart's Rule 1925(b) Concise Statement was too vague to allow proper review of his claim of insufficient evidence. **See** Trial Court Opinion, 12/27/13, at 11. We agree with the trial court's determination, and conclude that Gebhart has waived his sufficiency challenge. **See Gibbs**, 981 A.2d at 281 (holding that the appellant's sufficiency challenge was waived where he failed to specify in his Rule 1925(b) concise statement which convictions or the elements of the crimes he was challenging).[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2014

---

[6] Specifically, Gebhart alleged only the following: "Based upon the evidence and testimony presented at trial, by finding [Gebhart] guilty, the verdict of the jury was not supported by sufficient evidence." Rule 1925(b) Concise Statement, 10/22/13, at ¶ 8.

[7] Even if Gebhart's sufficiency challenge was not waived, we, like the trial court, would determine that it does not entitle him to relief for the reasons explained in the trial court's Opinion. **See** Trial Court Opinion, 12/27/13, at 11-12.

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :    NO. CP-67-CR-5854-2008

                                :

        v.                      :

                                :

STEVEN D. GEBHART,              :

                Defendant       :

APPEARANCES:

DUANE RAMSEUR,
Assistant District Attorney

THOMAS W. GREGORY, JR., Esquire
Counsel for Defendant

## TRIAL COURT'S 1925(a) STATEMENT

Defendant filed an Amended PCRA on April 8, 2013, in which he alleged, among other things, that trial counsel was ineffective for failing to file an appeal on his behalf. After hearing held on the Amended PCRA on August 30, 2013, the Trial Court reinstated Defendant's appeal rights. Defendant then filed his notice of appeal on September 30, 2013. This prompted the Trial Court to issue a directive to Defendant on October 2, 2013, to file a Statement of Errors Complained of on Appeal (hereinafter "Statement") pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Defendant did so on October 22, 2013.

This 1925(a) Statement is submitted in response to Defendant's 1925(b) Statement.

## STATUTE OF LIMITATIONS

Prosecution for the offenses the jury convicted Defendant of committing must be

(129)

commenced within five years after their commission. 42 Pa.C.S.A. §5552. Therefore, since the charges in this case were filed on August 27, 2007, any such offenses Defendant committed before August 27, 2002 are outside the statute of limitations.

In paragraph 2(a) of Defendant's Statement, he contends that the Trial Court erred by denying his claim that "the present action is barred by the applicable statute of limitations which was five years." Specifically, Defendant contends that some of the witnesses at trial testified about conduct which occurred more than five years before the filing of the charges against Defendant, and that the Trial Court erred in permitting this testimony to be admitted. This contention is without merit.

While "[t]he law is clear that 'criminal liability may not be imposed upon acts committed outside the limitations period[,]" Commonwealth v. Purcell, 403 Pa.Super. 342, 375, 589 A.2d 217, 234 (1991), the law is also clear that evidence of such acts is admissible at trial to show a course of conduct or common plan or scheme.

In the present case, a review of the transcript of the trial establishes that:

1. When the Commonwealth called Eugene Arnold to testify, Defense Counsel Coover (trial counsel for Co-Defendant Holly Kile) requested an offer of proof, claiming that because she expected the witness was going to testify regarding a pole building built in 1996 and materials ordered in March 2002, the statute of limitations barred his testimony because the incidents occurred more than five (5) years before the complaint was filed. (N.T., 11/4/10, pages 341-344). In response, the Commonwealth said that it wanted to use the testimony "to show prior bad acts and a continuing common plan and scheme of continuously

2

doing [that] behavior." (N.T., 11/4/10, page 343). The Trial Court allowed the witness to testify, indicating that "if there's not one count that relies solely on the testimony of this [witness], and the testimony is believed to be beyond the statute of limitations, then it's not inadmissible." (N.T., 11/4/10, page 344).

2. Larry Morfoot testified at the trial regarding contracts he entered into with Defendant in April and June of 2002. Mr. Morfoot testified that the first contract was completed, but the second contract was not. He also testified that in 2004 he received a letter from Defendant regarding the unfinished work (N.T., 11/3/10, pages 241-2243), and that he and his wife responded to Defendant's letter by requesting that Defendant honor the contract and expressing a desire to reach some sort of monetary settlement with him. (N.T., 11/3/10, pages 244-246). There was no objection to this testimony by any of the Defendants.

3. Another witness, Sandra Lancaster-Dill, testified at the trial regarding some management work she did for Defendant sometime in 2002. (N.T., 11/4/10, pages 356-370). She testified that she had worked for Defendant for a "couple of months," but could not remember the exact dates. Therefore, whether this conduct fell outside the statutory period is unclear, but none of the Defendants objected to her testimony.

Given the above, the Trial Court believes it would have been appropriate to have instructed the jury that they could not find Defendant guilty of any of the offenses charged based on evidence of acts he committed prior to August 27, 2002 and could only consider

3

such evidence for the purpose of tending to show the existence of a common scheme or plan. However, neither the Commonwealth nor any of the Defendants requested that the Trial Court give such an instruction. In addition, any error in not giving the instruction was harmless since there were thirty three (33) other individuals who testified regarding their contracts or other business dealings with Defendant that did occur within the statute of limitations. They are:

1. Albert R. Smith (regarding a contract with Defendant in 2004)(N.T., 11/3/10, pages 200-232); and

2. Steven Knaub (regarding a contract with Defendant dated 4/14/04)(N.T., 11/3/10, pages 254-295); and

3. Elizabeth Sharpe (regarding a contract with Defendant dated 1/30/04)(N.T. 11/4/10, pages 298-322); and

4. Anna Shaeffer (regarding a contract with Defendant dated 6/3/04)(N.T., 11/4/10, pages 376-385); and

5. Samuel Shaeffer (regarding a contract with Defendant in 2004)(N.T., 11/4/10, pages 390-404); and

6. Debra Eicholtz (regarding a contract with Defendant dated 4/16/04)(N.T., 11/4/10, pages 406-432); and

7. Edward Hewitt (regarding a contract with Defendant dated 4/19/04)(N.T., 11/4/10, pages 433-450); and

8. Thomas Marasciullo (regarding a contract with Defendant dated 4/3/04); (N.T., 11/4/10, pages 465-485); and

9. Jeffrey Kane (regarding a contract with Defendant in 2004)(N.T., 11/4/10, pages 525-555); and

10. Jeff Kulick (regarding business dealings of Carter Lumber Company with Defendant from 2004 onward)(N.T., 11/4/10, pages 556-561); and

11. Jeffrey Ridall (regarding a contract with Defendant dated 3/3/04)(N.T.,11/5/10, pages 572-607); and

4

12. Richard Shaffer (regarding a contract with Defendant dated 4/21/04)(N.T., 11/5/10, pages 609-651); and

13. Marlin Searfoss (regarding a contract with Defendant dated 5/27/03)(N.T., 11/5/10, pages 652-668); and

14. Jeffrey McCranie (regarding a contract with Defendant dated 12/13/02 – as this was after 8/27/02, it was within the statute of limitations)(N.T., 11/5/10, pages 669-696); and

15. Grace Pariso (regarding a contract with Defendant in March 2004)(N.T., 11/5/10, pages 697-726); and

16. John Shupp (regarding a contract with Defendant dated 1/30/04)(N.T., 11/5/10, pages 728-746); and

17. Kirk Gibson (regarding a contract with Defendant in March 2004)(N.T., 11/5/10, pages 747-797); and

18. William Quigley (regarding a contract with Defendant dated 5/24/04)(N.T., 11/5/10, pages 800-812); and

19. Robert Martin (regarding a contract with Defendant dated 5/26/04)(N.T., 11/8/10, pages 826-834); and

20. Michael Knaub (regarding business dealings of Markey Trucking with Defendant in 2003)(N.T., 11/8/10, pages 835-848); and

21. Douglas Arentz (regarding a contract with Defendant dated 10/29/03)(N.T., 11/8/10, pages 849-867); and

22. William Mantz (regarding a contract with Defendant dated 9/19/03)(N.T., 11/8/10, pages 868-882); and

23. Steve Meredith (regarding a contract with Defendant dated 10/28/06)(N.T., 11/8/10, pages 883-896); and

24. Eugene Brewer (regarding a contract with Defendant in 2004)(N.T., 11/8/10, pages 897-904); and

25. Shane Eisenhart (regarding business dealings of Eisenhart Crane Service with Defendant and unpaid invoices in 2003 and 2004)(N.T., 11/8/10, pages 905-917); and

26.  Jeffrey Arnold (regarding business dealings of Walter Zeigler Sons Concrete with Defendant in 2004)(N.T., 11/8/10, pages 922-938); and

27.  Mark Walley (regarding business dealings of Kinsley Construction with Defendant and unpaid invoices in 2004)(N.T., 11/8/10, pages 940-950); and

28.  Gene Clever (regarding contracts with Defendant dated 1/22/03 and 5/5/03)(N.T., 11/8/10, pages 951-964); and

29.  Lois Miller (regarding business dealing of York Concrete Co. with Defendant in 2004)(N.T., 11/8/10, pages 965-975); and

30.  James Hickman (regarding a contract with Defendant dated 3/1/04)(N.T., 11/8/10, pages 976-990); and

31.  Donald Bricker (regarding a contract with Defendant in 2004)(N.T., 11/8/10, pages 993-1003); and

32.  Michael Laviola (regarding contracts with Defendant dated 4/16/03 and 6/20/03)(N.T., 11/9/10, pages 1113-1132); and

33.  Angie Weitkamp and her father Terry Brillhart (regarding a contract with Defendant dated 10/18/03)(N.T., 11/9/10, pages 1170-1200).

## SELECTIVE AND VINDICTIVE PROSECUTION

In paragraphs **2(b)** and **2(c)** of his Statement, Defendant contends that the Trial Court erred by denying his claim that he was subjected to selective and vindictive prosecution. This contention is without merit for the reasons given by the Trial Court during the hearings regarding this issue on January 15, 2010, January 22, 2010, and February 3, 2010, and in the Trial Court's order dated June 28, 2010 and entered on June 29, 2010.

## DOUBLE JEOPARDY

In paragraph **2(d)** of Defendant's Statement, he contends that the Trial Court erred

6

by denying his claim that "the present action was barred by double jeopardy as similar actions had been filed and then withdrawn by the Commonwealth."

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." Commonwealth v. Kearns, 70 A.3d 881, 884 (Pa.Super. 2013). "This proscription bars a second prosecution for the same offense after an acquittal or conviction, as well as multiple punishments for the same offense." Commonwealth v. McGee, 560 Pa. 324, 327, 744 A.2d 754, 756 (2000).

In the instant case, Defendant's contention regarding double jeopardy is without merit for the following reasons:

1. While some of Defendant's pre-trial motions did include assertions that the charges filed in the case subjected him to double jeopardy, none of those assertions were ever supported by any averments of fact made in the motions or elsewhere, and the Defendant disregarded this Court's direction to produce such support. ("Defendant's Pretrial Motions Including a Motion for Writ of Habeas Corpus and Related Pretrial Relief," filed on 6/26/09; "Defendant's Supplemental Pretrial Motions Including a Motion for Writ of Habeas Corpus and Related Pretrial Relief," filed on 8/26/09; "Defendant's Supplemental Pretrial Motions Including a Motion for Writ of Habeas Corpus and Related Pretrial Relief," filed on 9/28/09, and then re-filed pro se by Defendant on 10/23/09; N.T., 8/4/09, pages 53, 59).

2. Officer John Vaughn testified at a pre-trial hearing that the charges previously

7

filed against the Defendant had been withdrawn without prejudice, with the notion that they would be refiled (N.T., 1/22/10, pages 82, 85-86, 92, 109).

3. This Court's review of the Common Pleas Case Management System (CPCMS) reveals that the charges lodged against the Defendant in the following cases were all withdrawn at a **pre-trial** proceeding:

| Docket Number | Charges | Date Withdrawn |
| --- | --- | --- |
| CP-67-CR-0005189-2004 | Terroristic Threats | 2/1/05 |
| CP-67-CR-0005190-2004 | Theft by Deception | 4/26/05 |
| CP-67-CR-0005191-2004 | Theft by Deception | 4/26/05 |
| CP-67-CR-0005192-2004 | Theft by Deception | 4/26/05 |
| CP-67-CR-0005194-2004 | Theft by Deception | 4/26/05 |
| CP-67-CR-0000328-2005 | Theft by Deception | 4/26/05 |
| CP-67-CR-0001482-2005 | Theft by Deception | 4/26/05 |

(N.T., 2/1/05, order by the Honorable Stephen P. Linebaugh; 4/26/05, order by the Honorable Penny L. Blackwell). Since the withdrawal of these charges by the Commonwealth acted as neither an acquittal or a conviction of them, double jeopardy did not attach. See Commonwealth v. Rose, 820 A.2d 164 (Pa.Super. 2003); 18 Pa.C.S.A. §109.

4. The charge filed against Defendant in case CP-67-CR-0005193-2004 was dismissed at the close of the Commonwealth's case-in-chief at trial on March 11, 2005. The victim in that case was Steve Parinisi, and the charge was theft by deception. Double jeopardy would have attached to that case, had that

8

charge been re-filed, but it was not. Furthermore, Mr. Parinisi did not testify at the trial in the case at hand, nor was there any testimony or other evidence admitted at the trial regarding his interactions with Defendant.

## REMOVAL OF COUNSEL

In paragraphs **5 and 6** of Defendant's Statement, he contends that the Trial Court erred by deciding that Attorney Ostrowski could not continue to represent him. Specifically, Defendant contends that the Trial Court denied him counsel of his choosing, and that the Trial Court's decision was not supported by the law.

"...[T]he right to counsel of choice, while not absolute, is guarded by the sixth amendment of the United States Constitution." Commonwealth v. Coffee, 415 Pa.Super. 131, 134, 608 A.2d 560, 562(1992)(citations omitted). "When a defendant's selection of counsel, under the particular facts and circumstances of a case, places the fairness and integrity of the defendant's trial in jeopardy, the defendant's right to counsel of choice may be justifiably denied. However, a presumption must first be recognized in favor of the defendant's counsel of choice; to overcome that presumption, there must be a demonstration of an actual conflict of interest or a showing of a serious potential for conflict." Id. (citation omitted). "The right to counsel of choice 'should not be interfered with in cases where the potential conflicts of interest are highly speculative...'" Id. (citation omitted).

Given the facts and circumstances in the present case, the Trial Court determined that there was a serious potential for conflict due to Attorney Ostrowski's present representation of the Defendant and his previous representation of Co-Defendant Holly

9

Kile in the same case. (N.T., 9/25/09, pages 27-28). Therefore, the Trial Court did remove Attorney Ostrowski from representing Defendant on these charges. However, the Trial Court did not remove Attorney Ostrowski from his representation of Defendant in regard to an insurance fraud claim since it only pertained to Defendant (Steven Gebhart) and had previously been severed from this case (in which Holly Kile was a Co-Defendant). (N.T., 9/25/09, pages 31-39; 5/21/09, page 6).

Moreover, it's worth noting that on February 9, 2010, Attorney Andrew Ostrowski was suspended from the practice of law by the Office of Disciplinary Counsel for a period of one year and one day. Office of Disciplinary Counsel v. Andrew J. Ostrowski, 135 DB 2008 (Pa. 2010). As such, Defendant was not prejudiced by the removal of Attorney Ostrowski as his counsel in the case at hand since Attorney Ostrowski could not have represented Defendant at any of the pre-trial matters that occurred after February 9, 2010, or at the trial that took place in November, 2010.

## SUFFICIENCY OF THE EVIDENCE

In paragraphs 7 and 8 of Defendant's Statement, he contends that the jury's verdicts are not supported by sufficient evidence. Specifically, Defendant contends that during his trial, testimony was presented that he was incarcerated for a significant period of time on charges which were either withdrawn or for which he was found not guilty. He also contends that there was testimony presented at trial that he "did his best to complete the contracts he had and continued to work on a number of contracts even while incarcerated." Finally, Defendant contends that some of his customers testified at trial on his behalf.

10

"In reviewing the sufficiency of the evidence, we examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt." Commonwealth v. Montalvo, 598 Pa. 263, 956 A.2d 926 (2008). "In applying this standard, [ ] the Commonwealth may sustain its burden by means of wholly circumstantial evidence." Id. "Furthermore, to preserve a sufficiency of the evidence claim on appeal, Defendant needs to specify in his 1925(b) Statement the element or elements upon which the evidence was insufficient, otherwise the sufficiency issue is waived." See Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa.Super. 2008).

In this case, Defendant has failed to specify the element or elements for which he contends the evidence was insufficient; therefore, his claim in this regard has been waived. Moreover, Defendant not only failed to do the work he told his customers he would do, he also failed to return the money he had collected from those customers for that work. In addition, the evidence presented at trial clearly shows that Defendant failed to complete contracts not only while he was in prison, but also before he went to prison and after he got out of prison. Furthermore, evidence that Defendant may have completed some contracts does not negate evidence that he failed to start or complete other contracts.

Finally, the jury heard all of the testimony presented. "The finder of fact – here, the jury – exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." Commonwealth v. Sanchez, 36

11

A.3d 24, 26-27 (Pa. 2011)(citation omitted). In this case, the jury chose not to believe Defendant's excuses for - or explanations of - his behavior. Moreover, the jury's finding that all of the elements of the offenses were proven beyond a reasonable doubt is sufficiently supported by the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as verdict winner. The Commonwealth called to testify at trial twenty-seven (27) of Defendant's customers, each of whom testified that they had given Defendant money in reliance on his representations that he would do construction work for them, that he either did not start or finish the work, and that he did not return the money they had given him to do the work.

## WEIGHT OF THE EVIDENCE

In paragraph 9 of Defendant's Statement, he claims that the verdict was against the weight of the evidence, offering only his contentions regarding the sufficiency of the evidence in support thereof.

"A challenge to the weight of the evidence is directed to the discretion of the trial judge, who heard the same evidence and who possesses only narrow authority to upset a jury verdict." Commonwealth v. Sanchez, 36 A.3d 24, 26-27 (Pa. 2011)(citation omitted). "The trial judge may not grant relief based merely on 'some conflict in testimony or because the judge would reach a different conclusion on the same facts.'" Id. "The finder of fact – here, the jury – exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." Id. "Issues of witness credibility include questions of inconsistent testimony and improper

12

motive." Id. "Relief on a weight of the evidence claim is reserved for 'extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" Id.

In this case, Defendant did not raise the weight of the evidence challenge with the Trial Court; therefore, it has been waived. Pa.R.Crim.P. 607; Commonwealth v. Hodge, 441 Pa.Super. 653, 658 A.2d 386 (1995). Moreover, given the Trial Court's discussion above regarding the sufficiency of the evidence, the Court finds that a new trial is not warranted since the jury's verdict is not so contrary to the evidence as to shock the conscience.

The Clerk of Courts is directed to provide a copy of this order to Attorney Thomas W. Gregory, Jr. and to Assistant District Attorney Duane Ramseur.

BY THE COURT:

_____

GREGORY M. SNYDER,
Judge

Date: 12.27.13

13