J-S29002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICA DAWKINS, | |
| Appellant | No. 1413 WDA 2014 |

Appeal from the Judgment of Sentence Entered July 29, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007941-2010

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MAY 18, 2016**

Appellant, Mica Dawkins, appeals from the judgment of sentence of an aggregate term of 3 to 10 years' imprisonment, imposed after the court revoked his term of probation based on new convictions in an unrelated case.  Appellant challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The record establishes that, on December 1, 2010, Appellant entered a guilty plea to charges of Persons Not to Possess Firearms,[1]  Possession of a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

Controlled Substance,[2] and Possession of Drug Paraphernalia.[3] The trial court sentenced him to a term of three (3) years' probation. Trial Court Opinion (TCO), 7/20/15, at 1. No further action occurred until July 29, 2014, when Appellant appeared before the trial court for a probation violation hearing. *Id.*

At the probation violation hearing, Ashlee A. Lynn, the probation liaison for Allegheny County, reported that Appellant was before the court with technical violations and a new conviction. N.T. Probation Violation, 7/29/14, at 2. The new conviction stemmed from an incident where two officers observed Appellant's operating a motor vehicle without a license. *Id.*

> In that vehicle a large quantity of glassine stamp bags – actually, 2,500 stamp bags and one ounce of quinine was located. Those are often used in the processing and distribution of narcotics; namely, heroin. Those led to an approved search of his residence. That search was assisted by the North Versailles Police Department as well as agents from the Attorney General's Office. In that residence[,] 59.9 grams of uncut heroin were located. This amount of heroin has approximate street value of $30,000. They also found a bulletproof vest and $16,500 in U.S. currency. [Appellant] was found guilty by the Honorable Judge Borkowski and sentenced on May 9th of 2014 at Count 3, possession with intent to deliver fifty or more grams of heroin, to five to ten years in a state correctional facility.

---

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

*Id.* at 2-3. Based on this new conviction, the court revoked Appellant's probation in this case and resentenced him to three to ten years' imprisonment.

Appellant filed a motion to reconsider his sentence, which was denied on August 19, 2014. A timely notice of appeal and a concise statement of errors complained of on appeal followed. Appellant now presents the following issue(s) for our review:

> I. Whether the revocation sentence of 3-10 years['] incarceration was manifestly excessive, unreasonable, and an abuse of discretion when the trial court did not consider the nature, characteristics, and rehabilitative needs of [Appellant], and the sentence imposed was also improperly influenced by inflammatory and prejudicial information contained in the pre-sentence investigation report?

Appellant's Brief at 4. Although Appellant lists the above claims as one issue, he is essentially raising two distinct claims for our review and, thus, we will address these arguments separately.

To the extent that Appellant raises issues regarding the discretionary aspects of his sentence, we note the following:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

> sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record clearly reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

> As we explained in *Moury*:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 170 (citations and internal quotations omitted).

Appellant first contends that his revocation sentence is manifestly excessive, unreasonable, and an abuse of discretion, as the trial court failed to consider the nature, characteristics, and rehabilitative needs of Appellant. Appellant's Brief at 15. We are precluded from reviewing this claim, because it fails to raise a substantial question to meet the fourth requirement of the four-part test outlined above. *See Commonwealth v. Griffin*, 65 A.3d

932, 936 (Pa. Super. 2013) (finding that defendant's claim that his sentence failed to take into account his rehabilitative needs did not raise a substantial question); *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) (concluding that a claim that trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question).

Even if we were to grant review of Appellant's claim, we would conclude that the underlying allegation is without merit. When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well-settled:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted).

Appellant asserts that the trial court failed to take into consideration his statement to the court that he now has "a different perspective on life" and that he is "becoming a new man." Appellant's Brief at 16. However, Appellant was given the opportunity to make these statements on the record to the court. Moreover, the record indicates that a pre-sentence

investigation report was ordered prior to sentencing and relied on by the trial court. TCO at 3.

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014). Therefore, we can presume that the court weighed the appropriate factors in determining Appellant's sentence.

We now address the second part of Appellant's claim in which he asserts that the trial court "considered inflammatory misinformation in imposing sentence. Specifically, the pre-sentence investigation report claimed that [Appellant] was a gang member who was suspected of involvement in a homicide, even though he was never charged with such crime." Appellant's Brief at 21. Appellant's assertion that the trial court relied on misinformation when imposing his sentence constitutes a substantial question. ***See Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (finding a substantial question existed where the appellant claimed that the trial court relied upon incorrect factual assertions when imposing sentence). Thus, we grant allowance of appeal on this issue.

After careful review of the record, however, we conclude that the trial court properly considered the appropriate factors in determining Appellant's sentence. The record belies Appellant's claim that the court relied on his rumored involvement with a gang:

> [F]rankly, I'm surprised that you're alive or not standing here before me for a homicide charge. This is your fourth conviction in Criminal Court. You have never done well on supervision. You submitted urine positive for coke. You drove without a license. They found almost sixty grams of uncut heroin, a bulletproof vest … and $16,000. The heroin was worth about $30,000. You've had two prior gun convictions. It's been rumored, *which I'm not putting any emphasis on*, that you're a member of the Kelly Street Crips. In addition, you've been in total noncompliance. I don't want to go there. You are certainly a danger to the community. I see no evidence of your desire to rehabilitate yourself, and I am going to revoke your probation and order you to serve three to ten years consecutive to any other sentence you may now be serving.

N.T. Probation Violation at 7-8 (emphasis added). In sum, we are convinced that the court adequately considered all of the appropriate sentencing factors, placing an emphasis on public safety due to Appellant's lengthy criminal history and failure to take advantage of rehabilitation opportunities. We ascertain no abuse of discretion by the court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016

- 7 -