J-S54038-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN M. PARKS | : | |
| | : | |
| Appellant | : | No. 459 WDA 2018 |

Appeal from the Judgment of Sentence March 1, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000552-2017

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    FILED SEPTEMBER 20, 2018

Jordan M. Parks (Appellant) appeals from the judgment of sentence imposed after he pled guilty to a single count of involuntary deviate sexual intercourse (IDSI).  Appellant claims that his standard-range sentence is excessive.  Upon review, we affirm.

The trial court summarized the factual and procedural background of this case as follows:

> [Appellant] was charged with multiple counts of involuntary deviate sexual intercourse, rape, aggravated indecent assault, and indecent assault.  On January 10, 2018, [Appellant] entered a plea of guilty to one count of Involuntary Deviate Sexual Intercourse, in violation of 18 Pa.C.S.A. § 3123(b), a felony of the first degree.  Pursuant to the plea agreement and on motion of the Commonwealth, the balance of the charges were nol prossed.

> On March 1, 2018, [Appellant] was sentenced to six (6) to twelve (12) years of imprisonment in a state correctional facility with credit for 333 days' time served.  On March 9, 2018, [Appellant] filed a Motion to Modify Sentence, claiming the

sentence of the Court was manifestly excessive in length. This Court denied [Appellant's] motion that same day. On March 29, 2018, [Appellant] filed a timely Notice of Appeal and this Court entered an order that [Appellant] file a concise Statement of Errors Complained of on appeal. On April 10, 2018, [Appellant] timely filed his Statement of Errors Complained of on appeal.

Trial Court Opinion, 5/29/18, at 1-2.

On appeal, Appellant presents a single issue for our review:

That the sentenc[ing] court erred when it sentenced [Appellant] to a term of imprisonment in a state correctional facility of not less than six (6) years nor more than twelve (12) years after he entered a plea of guilt[y] to one count involuntary deviate sexual intercourse (18 Pa.C.S.A. § 3123(b)).

Appellant's Brief at 7.

Appellant challenges the discretionary aspects of his sentence. Our standard of review when considering a discretionary aspects of sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

Commonwealth v. Cook, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014), appeal denied, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), appeal denied, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), appeal denied, 91 A.3d 161 (Pa. 2014).

Appellant has complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction. See Appellant's Brief at 3, 12-13. We thus proceed to determine whether he has raised a substantial question. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case

basis.  Commonwealth v. Johnson, 961 A.2d 877, 879 (Pa. Super. 2008), appeal denied, 968 A.3d 1280 (Pa. 2009).

Appellant argues that his 6 to 12 year sentence was manifestly excessive because he was "a minor himself" when he committed IDSI, and "the relationship [with the victim] continued after he became an adult.  Years later the victim made a statement which led to charges in this case." Appellant's Brief at 11, 15.  Appellant maintains that the trial court imposed an unreasonable sentence because:

> Here, [Appellant] was a minor at the commencement of his relationship with the victim.  And though it continued after [Appellant] turned of legal age, his age and lack of sophistication called for a sentence that would not expose him to those who will pr[e]y on him in a state facility.  Rather, a sentence in a county facility with a substantial period of parole and probation would protect the victim and the public as well as protect [Appellant] while meeting [Appellant's] rehabilitative needs.

Id. at 15-16.

Significantly, Appellant concedes that the trial court sentenced him within the standard range of the sentencing guidelines.  Id. at 15.  The essence of his claim is that the trial court abused its discretion by failing to consider mitigating factors, i.e., his youth and alleged vulnerability to incarceration in a state facility.  Appellant has failed to raise a substantial question.[1]

_____

[1] The Commonwealth has arrived at the same conclusion.  See Commonwealth Brief at 4, 6.

When an appellant has been sentenced in the standard range, "a claim that the court failed to consider certain mitigating factors does not present a substantial question." Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010); see also Commonwealth v Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009) (a sentence within the guidelines is presumed to be reasonable).

In addition, the court in this case had the benefit of a pre-sentence investigation report. N.T., 3/1/18, at 13. It is well-settled that where a sentencing court imposes a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011). "In those circumstances, we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" Id. (citations omitted).

Finally, this Court has repeatedly held that "an allegation that the trial court failed to consider particular circumstances or factors in an appellant's case go to the weight accorded to various sentencing factors and do not raise a substantial question." Commonwealth v. Christine, 78 A.3d 1, 10–11 (Pa. Super. 2013) (en banc) (per curiam), aff'd, 125 A.3d 394 (Pa. 2013); see also Commonwealth v. Cannon, 954 A.2d 1222, 1228–1230 (Pa. Super. 2008) (claim that trial court failed to consider appellant's rehabilitative

needs, age, and educational background did not present substantial question), appeal denied, 964 A.2d 893 (Pa. 2009).

Even if Appellant had presented a substantial question, it is well-settled that:

> [W]e can reverse a standard-range sentence only if the sentence is clearly unreasonable when viewed in light of the four statutory factors outlined in 42 Pa.C.S. § 9781(d). Commonwealth v. Walls, 592 Pa. 557, 926 A.2d 957, 963–964 (2007); see also Commonwealth v. Macias, 968 A.2d 773 (Pa. Super. 2009). Section 9781(d) provides that when we review this type of question, we have regard for:
>
>> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> Walls, supra at 963. Furthermore, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." Macias, supra at 777 (quoting Walls, supra at 964).

Commonwealth v. Corley, 31 A.3d at 298.

It is evident from the record that – contrary to Appellant's argument – the trial court at sentencing considered "the nature and circumstances of the offense and the history and characteristics" of Appellant, including his youth and rehabilitative needs. The Commonwealth requested a sentence of 7 to 14 years. N.T., 3/1/18, at 6. The trial court noted that it had read "numerous

letters from [Appellant]." Id. at 9. Appellant's counsel[2] referenced the pre-

sentence investigation report and stated:

> [Appellant] acknowledges that there was to be a sentence recommendation at the time he entered the plea, but he's informing me that he was under the impression that Attorney Goodwin would present some issues before the Court and ask the Court to consider a lesser sentence, perhaps even a county sentence. . . . [H]e indicated that one of the issues is that he was a juvenile at the time of this incident; that he now has an eighteen-month old son and is anticipating marriage.

Id. at 12-13.

The trial court responded that Appellant, "in his letters, is very detailed

about his situation. And so everything that you just mentioned I was aware

of and did take into consideration when thinking about the sentence." Id. at

13. The trial court also addressed the impact of the offense on the victim and

the community, as well as Appellant's criminal history and his rehabilitative

needs. For example, the trial court recognized "a need to protect the

community" because Appellant "certainly has been involved in a large amount

of criminality for his young age." Id. at 14-15.

In addition, the trial court explained:

> At sentencing, after discussion with the parties, this Court stated that it would sentence [Appellant] with an Offense Gravity Score of fourteen (14) and a Prior Record Score of one (1), making the standard range seventy-two (72) to two hundred forty (240) months. In imposing the sentence, the Court considered all the

_____

[2] Appellant has been represented by the Mercer County Public Defender's Office throughout this case. Attorney Goodwin represented Appellant at the plea hearing and on appeal; Attorney Williams represented Appellant at sentencing.

relevant factors, including [Appellant's] entire file, pre-sentence investigation, any letters sent on [Appellant's] behalf, any information presented by the Commonwealth or victims, and any other pertinent documentation, as well as all applicable law, including the sentencing guidelines. The Court considered the impact on the victim and the community, noting that the victim was under thirteen (13) years old at the time and emphasizing the importance of protecting children and families in the community. While there was no victim impact statement, the Court considered that the victim had difficulty writing one and was uncomfortable making one at the hearing due to the nature of the incident. The Court also understood that the victim felt that she and [Appellant] were a couple at the time of the incident. The Court also considered the need to protect the community and the rehabilitative needs of [Appellant], stating that his rehabilitative needs would be best served at a state correctional facility. The Court additionally asked [Appellant] about his current age, education and family, taking into consideration that he has an eighteen (18) month old child and is engaged.

. . . The Court's sentence was both less than the Commonwealth's recommendation, and within [the] standard range. The Court made [the] appropriate consideration of all relevant factors.

Trial Court Opinion, 5/29/18, at 2-3.

For all of these reasons, we find no merit to Appellant's claim that his sentence was excessive.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2018