J-S01025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAKEE PETERSON | : | |
| | : | |
| Appellant | : | No. 931 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 9, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0009181-2017.

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 15, 2020**

Zakee Peterson appeals from a judgment of sentence, which the trial court imposed after a jury convicted him of murder of the second degree, carrying a firearm in the City of Philadelphia, and possessing an instrument of crime.[1]  Upon review, we find Peterson's 1925(b) statement is so deficient that it precludes merit review of all appellate issues.  Because such a statement constitutes *per se* ineffective assistance of counsel, we remand for appointment of new counsel and further proceedings.

Due to the representational shortcomings of Peterson's counsel, only a brief discussion of the case is required here.  A jury convicted Peterson of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(b), 18 Pa.C.S.A. § 6108, and 18 Pa.C.S.A § 907, respectively.

shooting and killing Alvin Williams, while Peterson attempted to rob Mr. Williams at gunpoint in his barbershop. The trial court imposed a mandatory sentence of life imprisonment.

This timely appeal followed, and the trial court ordered Peterson to file a 1925(b) statement. The court stated that, "issues not contained in a Concise Statement of Errors Complained of on Appeal that is both timely filed of record with the [trial] court and timely served on the trial judge in accordance with the terms of this ORDER will be deemed waived." March 27, 2019 Order (citing **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005)).

Peterson presents two issues in his appellate brief. They are:

1. Whether the Superior Court should remand this case for an evidentiary hearing to determine if the disgraced homicide detective inappropriately touched the co-defendant ultimately effecting his testimony at [Peterson's] trial causing him substantial harm and undue prejudice.

2. Whether the verdict was against the sufficiency of the evidence when the robbery count and other felonies were dismissed at the preliminary hearing, but [Peterson] was convicted of murder of the second degree, felony murder, based on perpetration of a felony, causing him substantial harm and undue prejudice.

Peterson's Brief at 4.

Before we may address the merits of either issue, we must determine whether Peterson properly preserved them for appellate review. To do so, we turn to his 1925(b) Statement of Matters Complained of on Appeal. Peterson listed the following two issues in that statement:

1. The verdict is against the sufficiency of the evidence. The video compilation of the Commonwealth was not clear and distinct but fuzzy. The testimonies of Commonwealth witnesses, co-defendant, Raekwan Moore; his intended wife, Brittany Square; and eyewitness, Jeremy McKnight, are suspect, since each had a motive to fabricate.

2. Detective Philip Nordo: There was a great deal of dialogue between the court and the parties about what would be admissible regarding this disgraced Homicide Detective. Ultimately, there was a stipulation between the parties. The question is what traumatic effect Detective Nordo had on the testimony of co-defendant Raekwan Moore. Did the Detective's improper touching of co-defendant have such an effect that psychologically it caused Mr. Moore to lie to the jury about [Peterson's] involvement in the homicide and intended robbery of Mr. Al Williams on 12/10/2015?

Peterson's 1925(b) Statement.

Upon reviewing Peterson's 1925(b) statement, the trial court concluded he had waived both of these issues, due to his failure to provide that court with specific grounds of error, as Pa.R.A.P. 1925(b)(4)(ii) mandates. Under that Rule:

> (ii) The Statement shall concisely identify each error that the appellant intends to assert **with sufficient detail to identify the issue to be raised** for the judge . . .

> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4) (emphasis added). **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "from this date forward, in order to preserve their claims for appellate review, appellants must comply whenever

- 3 -

the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."), *reaffirmed* **Castillo**, **supra**.

Applying Pa.R.A.P. 1925 and its accompanying precedents, the trial court opined as follows:

> *A. Sufficiency of the Evidence* . . .
>
> The Superior Court has said the following:
>
>> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.
>
> **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa.Super. 2013). Here, [Peterson's] sufficiency claim fails to specify any elements of any of the offenses that [he] believes to be unsupported by sufficient evidence. Rather, [Peterson] alleges that there was poor video quality and that the testimony of several . . . witnesses was incredible, because each witness "had a motive to fabricate." Statement of Errors at 1. However, a claim premised upon video quality and the credibility of witnesses challenges the weight, not the sufficiency, of the evidence. **Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa.Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011). Accordingly, the [trial court] was given no valid grounds for relief regarding the sufficiency of the evidence. Therefore, this claim is waived.
>
> \*   \*   \*   \*   \*
>
> *B. Detective Philip Nordo* . . .

- 4 -

> The [trial court] is unable to discern a claim from this paragraph [of Peterson's 1925(b) statement]. [Peterson] does not allege trial court error, nor allege that [he] was somehow denied any constitutional or statutory rights. It seems to simply raise a question about the veracity of a witness. Because this [trial court] cannot glean a claim from this paragraph of the statement . . . any claims he intended to assert therein has been waived. **See Commonwealth v. Cannon**, 954 A.2d 1222, 1228 (Pa.Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009) (where [appellant] makes a vague and generalized objection on appeal that leaves the trial court to guess at his or her claims, those claims are deemed to have been waived).

Trial Court Opinion, 6/12/19, at 5, 12.

We agree with the learned trial court's waiver analysis and adopt it as our own. Whenever "a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 687 (Pa.Super. 2001). Peterson's attorney so poorly apprised the trial court of the claims of error that Peterson planned to appeal that he left the trial court to guess as to what grounds of error he planned to assert in this Court. We therefore must dismiss his appellate issues as waived at this time, because no meaningful review is possible.

Pursuant to recent precedent from the Supreme Court of Pennsylvania, we also conclude that Peterson's counsel was *per se* ineffective in representing him. Our High Court held that, in criminal matters, "counsel's filing of a woefully deficient [Rule 1925(b)] statement . . . which precludes merits review of all appellate issues, constitutes ineffective assistance of counsel *per se*, warranting reinstatement of [the] right to file a Rule 1925(b) statement *nunc*

*pro tunc*." **Commonwealth v. Parrish**, ___ A.3d ___, ___, 2020 WL 355016, at *1 (Pa. 2020).

We therefore remand this matter to the trial court for appointment of new counsel within 14 days of the issuance of this Memorandum. While we would normally issue a schedule for the filing of a new 1925(b) statement, 1925(a) opinion, and briefs from the parties, we are reluctant to issue a specific timeline given the COVID-19 pandemic. Instead, we relinquish panel jurisdiction at this time so that the parties and the trial court may begin the appellate process anew, and direct the court and the parties to comply with the standard timing requirements as much as possible.

Case remanded with instructions. Panel jurisdiction relinquished.

Judge Strassburger joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/20