**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James P. CANNON, III, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 2008.

Filed Aug. 6, 2008.

John R. Merrick, Public Defender, West Chester, for appellant.

Nichols J. Casenta, Jr., Assistant District Attorney, West Chester, for Commonwealth, appellee.

BEFORE: MUSMANNO, DONOHUE and KELLY, JJ.

OPINION BY DONOHUE, J.:

¶ 1 James P. Cannon, III ("Cannon") appeals from the judgment of sentence of 29 to 59 months of imprisonment followed by 12 years of probation. Upon review, we affirm.

¶ 2 On February 17, 2006, Cannon entered an open guilty plea to twenty-five

counts of possession of child pornography,[1] two counts of solicitation to prostitution,[2] two counts of solicitation to indecent assault,[3] and one count of corruption of minors.[4] The factual basis for the plea follows:

> In July 2005, the West Whiteland Police were contacted regarding an incident involving a 14 year old boy. The boy's mother called the police to report that her son had been chatting online with a man later identified as defendant, 39 year old James Cannon.
>
> On July 4th, 2005 the victim had gone to the area of Pierce Middle School to meet [Cannon]. [Cannon] had been chatting online with the victim for several months. The victim was using the screen name of Alley Hopping and [Cannon] was using the screen name of Agent 975. Over the course of time [Cannon] chatted with the victim and learned that the boy was 14 years old. During these online computer chats [Cannon] engaged in conversations with the victim in which he requested that the victim and [Cannon] meet for the purpose of engaging in sexual acts.
>
> On July 4th, 2005 [Cannon] instant messaged, or IMed, the victim, and once against [sic] asked him sexually related questions and offered to give the boy money in exchange for the acts.
>
> On July 4th, 2005 during this online chat [Cannon] arranged to meet the boy in the area of Pierce Middle School at approximately 5:30 p.m. The victim arrived in the area of the middle school and [Cannon] arrived in the vehicle. The boy got in the car and spoke with [Cannon] for approximately 15 minutes.

> [Cannon] would provide only his first name to the victim.
>
> The victim would testify that [Cannon] requested masturbation and oral sex from the victim. [Cannon] drove the boy to Wawa where he purchased cigarettes for the boy. The victim declined to engage in any sexual acts and left the vehicle.
>
> The victim told police after he left the vehicle he walked around for 15 minutes, then contacted his mother who contacted the police. The West Whiteland Police and Chester County Detectives created a photographic lineup from which the victim was able to identify [Cannon]. A search warrant was then executed at [Cannon's] residence in West Whiteland Township in Chester County. The computer equipment was seized and searched. Over 100 images of child pornography were located on the computer along with several web cam videos of teenage boys masturbating. He admitted to IMing the victim on several occasions, but less than a year, unquote. Initially [Cannon] told the police he met the victim for the purpose of buying him cigarettes. [Cannon] denied asking for sexual acts for money. However, the information from the computer showed discussions consistent with what the victim had disclosed to the police.
>
> These conversations clearly showed that [Cannon] was offering the victim money for sexual acts.

N.T. Guilty Plea Hearing, 2/17/06, at 4–6.

¶ 3 The trial court ordered the Sexual Offender's Assessment Board ("SOAB"), to assess whether Cannon was a sexually violent predator ("SVP") and also ordered a pre-sentence report. *Id.* at 19–20. In the

---

1. 18 Pa.C.S.A. § 6312(d).

2. 18 Pa.C.S.A. § 902, 5902(b).

3. 18 Pa.C.S.A. § 902, 3126(a)(8).

4. 18 Pa.C.S.A. § 6301(a)(1).

interim, on August 3, 2006, Cannon filed a motion for a court-appointed psychological expert, claiming that he could not afford one. Following an evidentiary hearing, the trial court denied the motion because it determined that Cannon was not indigent. N.T. Motion Hearing, 8/9/06, at 7–9. A Megan's Law hearing was held on September 18, 2006. The court heard testimony from SOAB assessor Dr. Bruce Mapes. After extensive discussion of the basis for his decision in accordance with the dictates of the pertinent statutory framework, Dr. Mapes concluded that Cannon was an SVP. N.T. SVP Hearing, 9/18/06, at 4–86. The court subsequently accepted that testimony and determined that Cannon was an SVP. *Id.* at 87–90.

¶ 4 The case proceeded to sentencing that same date, where Cannon was sentenced to an aggregate sentence of 34 to 68 months of imprisonment followed by 12 years of probation. Post-sentence motions were filed on October 10, 2006; and the sentence was vacated by order entered October 18, 2006.[5] On October 27, 2006, the trial court re-sentenced Cannon to an aggregate sentence of 29 to 59 months of imprisonment followed by 12 years of probation. This timely appeal followed. The trial court ordered Cannon to file a statement pursuant to Pa.R.A.P.1925(b) and a timely statement was filed on June 19, 2007, after an extension was granted.

¶ 5 Cannon presents the following issues for our review:

I. Did the [trial court] err in denying [his] motion for Psychiatric Examination?

II. Was the evidence presented at the Sexually Violent Predator Hearing held pursuant to 42 Pa.C.S.A. § 9795.4 sufficient to support the conclusion that [Cannon] should be classified as a Sexually Violent Predator?

III. Did the [trial court] abuse its discretion when reimposing sentence?

Appellant's Brief at 6.

■ ¶ 6 Initially, Cannon contends the trial court erred in denying his motion for a psychiatric examination,[6] citing *Commonwealth v. Curnutte*, 871 A.2d 839 (Pa.Super.2005). In *Curnutte*, this Court ruled that 42 Pa.C.S.A. § 9795.4(e)(2) provides all defendants with the right to call expert witnesses and to an expert assessment other than that conducted by the Sexual Offenders Assessment Board. *Id.* at 842. In so ruling, we concluded that it would "be fundamentally unfair to afford a defendant those rights but then preclude him from exercising them simply because he is indigent. Likewise, it would be unfair to allow a wealthy defendant those rights but to deny them to one who is indigent." In *Curnutte*, there was no dispute that the defendant was indigent, and we further noted that "[i]t is true that the Commonwealth is not obligated to pay for the services of an expert simply because a defendant requests one." *Id.* at 842.

---

5. We note that pursuant to *Commonwealth v. Dreves*, 839 A.2d 1122 (Pa.Super.2005), the post-sentence motion, filed beyond ten days from the imposition of the judgment of sentence on September 18, 2006, was untimely filed. However, since the trial court vacated the order imposing sentence within 30 days of its imposition, we make no further determination in this regard. *See* 42 Pa.C.S.A. § 5505 (trial court may modify or rescind order with-

in 30 days of its entry if no appeal taken from that order).

6. We note that Cannon's motion requested a psychologist and not a psychiatrist as indicated in his statement filed pursuant to Pa.R.A.P. 1925(b) and throughout his brief. Although incorrectly worded as a request for a psychiatrist, we will address the issue as a request for a psychologist as indicated within his motion and provided for by case law.

¶ 7 This case is clearly distinguishable from *Curnutte* because here the trial court found as a matter of fact that Cannon was not indigent 'and denied the motion on that basis. N.T. Motion Hearing, at 8–9. While ruling that the denial of the motion was without prejudice and could be revisited at a later date if warranted, the trial court expressed concern with Cannon's failure to utilize his assets to obtain an expert, and to instead use his assets to further his own separate purposes. *Id.* at 8.

¶ 8 Cannon nevertheless claims he should not be required to exhaust his assets prior to obtaining a court-appointed expert. After a review of the record, we find no error in the trial court's determination in this matter. Our standard of review, as it relates to the appointment of a defense expert in a criminal matter, is as follows:

> The provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will not be reversed absent an abuse of that discretion.

*Commonwealth v. Albrecht,* 554 Pa. 31, 58, 720 A.2d 693, 707 (1998), *citing Commonwealth v. Carter,* 537 Pa. 233, 643 A.2d 61 (1994).

¶ 9 Cannon does not cite and we have not found any appellate case law discussing the factors a trial court must consider in exercising its discretion when making a determination of indigency for the purpose of appointing an expert. As such, this Court relies upon principles in analogous contexts for guidance. We are assisted by the established processes for assessing indigency in determining whether a party: (1) may proceed *in forma pauperis,* or (2) is entitled to the appointment of counsel.

¶ 10 "A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis.*" Pa.R.C.P. 240(b). That party is required to file a petition and an affidavit describing in detail the inability to pay the costs of litigation. Pa.R.C.P. 240(c). The Rule expressly prescribes the form of the affidavit requiring, *inter alia,* the following information from the applicant: present or past salary and wages, other types of income within the preceding year, other contributions for household support, property owned, available assets, debts and obligations, and persons dependent for support. Pa.R.C.P. 240(h).

¶ 11 In determining *in forma pauperis* status, the trial court must,

> satisfy itself of the truth of the averment of an inability to pay the costs of litigation. [*In re Adoption of B.G.S.,* 418 Pa.Super. 588, 614 A.2d 1161 (1992) ]. If it believes the petitioner's averments, there is no requirement that the court conduct an evidentiary hearing. The trial court has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis.* However, in making that determination, it must focus on whether the person can afford to pay and cannot reject allegations in an application without conducting a hearing. *Crosby Square Apartments v. Henson,* [666 A.2d 737, 738 (Pa.Super.1995)].

*Amrhein v. Amrhein,* 903 A.2d 17, 19 (Pa.Super.2006).

¶ 12 Likewise, our Supreme Court has analyzed what constitutes indigency in relation to a defendant's request for the appointment of counsel. Notably, in deciding whether a party is indigent and thereby entitled to counsel, the Supreme Court has opined "[a]mong other factors that may be relevant to a defendant's financial

ability to hire private counsel are the probable cost of representation for the crime charged and the defendant's liabilities." *Dauphin County Public Defender's Office v. Court of Common Pleas of Dauphin County*, 578 Pa. 59, 66, 849 A.2d 1145, 1149, fn. 4 (2004). Most pertinent in rendering a decision of Cannon's current claim on appeal, our Supreme Court noted, that Pa.R.Crim.P. 122 [7] "authorizes the court to conduct case-by-case evaluations of individual defendants' circumstances in order to ascertain whether counsel should be appointed." *Id.*, 849 A.2d at 1151.

¶ 13 Within this analytical framework and according to our abuse of discretion standard of review, we examine Cannon's claim that the trial court erred in determining that he was not indigent and, therefore, not eligible for a court appointed psychologist. We begin the analysis by noting that the trial court held an evidentiary hearing on Cannon's motion for a court appointed psychologist. This was a prudent and otherwise necessary step in the assessment.

¶ 14 At the hearing, Cannon presented testimony regarding his assets and purported liabilities. N.T., 8/9/2006, at 3–9. He stated that his assets included $3,000 in a checking account, a 1997 automobile and personal items and used furniture that he kept in storage; he averred that he did not own any property. *Id.* at 5–6. Cannon testified that his liabilities included a monthly fee of $120 to store his furniture and personal affects, $900 to make repairs to his vehicle, and that he owed $1,700 to a bail agency for fees associated with home monitoring after his arraignment. *Id.* at 5–8. Cannon also complained in his motion, which the trial court acknowledged on the record, that his overall debt was over $25,000. *Id.* at 5. No additional evidence was presented to substantiate this claim. Based on the totality of the information before it, the trial court determined that Cannon did not present adequate evidence to prove that he was, in fact, indigent. The trial court, however, also stated that the issue could be revisited at a later point if Cannon could show that his financial situation changed. *Id.* at 9. Cannon failed to avail himself of this opportunity.

¶ 15 Moreover, Cannon failed to introduce any evidence as to the cost of retaining an expert to conduct an evaluation and to testify on his behalf. This is a critical element of proof in a claim of indigency. Without this information it is impossible to determine whether Cannon's assets were sufficient to procure an expert witness.

¶ 16 Based upon the record, we find that the trial court did not abuse its discretion in denying Cannon's request for a court-appointed psychologist. Additionally, Cannon fails to cite any authority to support the conclusion that a non-indigent defendant is entitled to a court-appointed expert for a SVP hearing. Indeed, *Curnutte* is based on the assumption that indigency is a pre-requisite to a court appointed psychologist. Therefore, we reject Cannon's first claim.

¶ 17 Cannon next complains that the Commonwealth failed to prove by clear and convincing evidence that he is an SVP. Cannon apparently challenges the suffi-

7. Relevantly, Pa.R.Crim.P. 122 provides:
 (A) Counsel shall be appointed:
 (1) in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel whether there is a likelihood that imprisonment will be imposed;

 (2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel[.]
 Pa. R.Crim.P. 122.

ciency of the evidence by arguing that the opinion of Dr. Bruce Mapes of the SOAB, the Commonwealth's sole witness, was improperly based upon unproven allegations which were neither established by the factual basis in support of the plea or the nature of the charges to which Cannon pled guilty. In preparing his SOAB assessment report, Dr. Mapes indicated he reviewed all the charges on the information, the criminal complaint and affidavit of probable cause, West Whiteland Township's investigative record, the pre-sentence investigation report, character reference letters in support of Cannon, the summary report of the SOAB investigator, and his personal interview of Cannon. N.T., 9/18/06, at 10. In the argument section of his brief, Cannon fails to indicate with any clarity which allegations are unproven by the factual basis of his plea. As best we can surmise from a scant footnote in his appellate brief and the cross-examination testimony of Dr. Mapes at trial, Cannon appears to claim that it was error for Dr. Mapes to rely upon the charge of solicitation of prostitution in opining that Cannon is an SVP. He argues that solicitation is not one of the charges enumerated in 42 Pa.C.S.A. § 9791 et seq., which sets forth the criteria for SVP determinations. Appellant's Brief at 7, fn. 2.

¶ 18 The trial court, in its Pa.R.A.P. 1925(a) opinion, stated that it could not "determine from [Cannon's Pa.R.A.P. 1925(b)] Concise Statement in what manner the evidence presented is insufficient to support the Court's determination." Trial Court Opinion, 12/28/2007, at 2. The trial court found that its decision to classify Cannon as an SVP was based upon the testimony of Dr. Mapes. The Rule 1925 opinion referred to various portions of Dr. Mapes' testimony to support its SVP determination. Ultimately, the trial court concluded that "[u]nless [Cannon] specifies in greater detail the insufficiency of the credited testimony presented by Dr. Mapes in this matter, the trial court references for appellate review the transcript of [the SVP hearing]."

¶ 19 We find that Cannon has failed to properly preserve this claim for meaningful appellate review. "[W]hen the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided 'the functional equivalent of no Concise Statement at all.'" Ferris v. Harkins, 940 A.2d 388, 397 (Pa.Super.2007) citing Commonwealth v. Dowling, 778 A.2d 683, 686 (Pa.Super.2001). "Where an appellant fails to identify the issues sought to be pursued on appeal in a concise manner, 'the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.'" Id., citing In re Estate of Daubert, 757 A.2d 962, 963 (Pa.Super.2000). "Essentially, when the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." Id., citing Dowling, 778 A.2d at 686. "Even if the trial court correctly guessed the issues Appellant brings before this Court, the vagueness of Appellant's Concise Statement renders all issues raised therein waived." Commonwealth v. McCree, 857 A.2d 188, 192 (Pa.Super.2004), affirmed Commonwealth v. McCree, 592 Pa. 238, 924 A.2d 621 (2007). Here, because the trial court was unable to decipher the concise issue presented and Cannon is still unable to clarify his issue before this Court, we find it waived.

 ¶ 20 Lastly, Cannon claims the trial court abused its discretion at the time of re-sentencing. He maintains that the trial court focused on the seriousness of the crime without consideration of certain other significant factors including Cannon's age, rehabilitative needs, educational back-

ground, use of alcohol, his lack of a prior record, and the fact that no physical conduct was involved with the victim. Cannon's claim implicates the discretionary aspect sentencing. It is well-settled that an appeal of a discretionary aspect of sentencing is not reviewable as a matter of right. *See* 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa.Super.2006). In reviewing a challenge to the discretionary aspects of sentencing, we apply the following standard:

> Two requirements must be met before a challenge to the discretionary aspects of a sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005), *appeal denied*, 587 Pa. 684, 897 A.2d 451 (2006) (internal citations omitted).

¶ 21 While Cannon has complied procedurally with the requirements of Rule 2119 by providing a concise statement of the reasons relied upon in his request for appeal, we find that he has failed to raise a substantial question for our review. Aside from merely contending that he has presented a substantial question, Cannon fails to show how his sentence is "inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Id.* "It is important to note that this Court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons; [t]o the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process." *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa.Super.2008) (citation omitted).

¶ 22 Moreover, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa.Super.2007); *see also Ladamus*, 896 A.2d at 595; *see also Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa.Super.1999), *appeal denied*, 560 Pa. 742, 747 A.2d 366 (1999). Based on the foregoing, we conclude that Cannon has failed to present a substantial question that his sentence was excessive on appeal. As such, a review of the merits of the discretionary aspects of his sentence is not warranted. Accordingly, we affirm the trial court's judgment of sentence.

¶ 23 Judgment of sentence affirmed.