J-S72005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEATHRICE DWAYNE GRAY | |
| Appellant | No. 41 MDA 2016 |

Appeal from the Judgment of Sentence December 11, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001900-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 19, 2016**

Appellant, Deathrice Dwayne Gray, appeals *pro se* from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his bench trial conviction for possession of a controlled substance (heroin) (35 P.S. § 780-113(a)(16)).  On February 12, 2014, police executed a search warrant at a residence in Hazleton, Pennsylvania.  Police discovered money, drugs, and drug paraphernalia in the residence in close proximity to Appellant.  The Commonwealth charged Appellant with possession of a controlled substance with the intent to deliver ("PWID") and simple possession.  Appellant initially retained private counsel to defend against the charges.  Private counsel filed a motion to withdraw on November 24, 2014, claiming Appellant had not honored their fee agreement and citing

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant's complaints that he could no longer afford private counsel. The court granted counsel's motion to withdraw and directed Appellant to apply for representation with the Public Defender's Office. Appellant complied and obtained representation from the Public Defender. Several months later, however, the Public Defender sought to withdraw due to a conflict of interest. Consequently, on April 7, 2015, the court appointed conflict counsel. Conflict counsel subsequently withdrew his appearance citing a breakdown in the attorney/client relationship. According to Appellant, conflict counsel failed to communicate with him; so, Appellant borrowed money from family and friends to retain private counsel for trial.

Appellant proceeded to a bench trial on October 23, 2015. The court convicted Appellant of simple possession on October 26, 2015. On December 11, 2015, the court sentenced Appellant to 6-23 months' imprisonment. At the conclusion of the sentencing hearing, the court permitted counsel to withdraw. Appellant timely filed a *pro se* notice of appeal on December 24, 2015. On January 20, 2016, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement, which Appellant timely filed *pro se* on January 27, 2016. On February 24, 2016, Appellant filed a *pro se* motion in the trial court requesting appointment of counsel for appeal and claiming he cannot afford counsel. The court did not rule on the motion. On April 21, 2016, Appellant filed an application for appointment of counsel in this Court, which this Court denied without prejudice, directing

Appellant to seek relief in the trial court.[1]

Pennsylvania Rule of Criminal Procedure 122 provides:

> **Rule 122.  Appointment of Counsel**
> (A)   Counsel shall be appointed:
> \* \* \*
> (2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;
> (3) in all cases, by the court, on its own motion, when the interests of justice require it.
>
> (B)   When counsel is appointed,
> \* \* \*
> (2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P. 122(A), (B).  Under paragraph (A)(3), the court has authority to appoint counsel regardless of eligibility when the interests of justice require it.  Pa.R.Crim.P. 122, *Comment*.  Rule 122 "authorizes the court to conduct case-by-case evaluations of individual defendants' circumstances in order to ascertain whether counsel should be appointed."  ***Commonwealth v. Cannon***, 954 A.2d 1222, 1227 (Pa.Super. 2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893 (2009) (internal citation omitted).  Instantly, the record shows Appellant had the benefit of court-appointed counsel during some earlier proceedings.  Although Appellant borrowed money from family and friends to hire private counsel for trial, Appellant complains he no longer has the resources to secure counsel for this appeal.  In light of Appellant's

---

[1] The Commonwealth indicates that Appellant filed another motion in the trial court for appointment of counsel on May 18, 2016.

allegations of indigency and repeated requests for counsel, we remand for a determination of Appellant's indigency status and consideration of the appointment of counsel in accordance with Rule 122. *See* Pa.R.Crim.P. 122; *Cannon, supra*. If the court determines Appellant is entitled to counsel, the court shall appoint counsel; and appointed counsel must file a Rule 1925(b) statement on Appellant's behalf. The court can issue a supplemental Rule 1925(a) opinion, and the parties shall have the opportunity to file new appellate briefs. If the court is convinced Appellant is not entitled to counsel under Rule 122(A)(2) or (A)(3), then the appeal will proceed *pro se*. The trial court shall notify this Court of its decision within 30 days.

Case remanded with instructions. Panel jurisdiction is retained.