J-S72005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEATHRICE DWAYNE GRAY | |
| Appellant | No. 41 MDA 2016 |

Appeal from the Judgment of Sentence December 11, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001900-2014

BEFORE:  GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 06, 2016**

Appellant, Deathrice Dwayne Gray, appeals *pro se* from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his bench trial conviction for possession of a controlled substance (heroin).[1] For the following reasons, we remand the matter with instructions and relinquish jurisdiction.

The relevant facts and procedural history of this case are as follows. On February 12, 2014, police executed a search warrant at a residence in Hazleton, Pennsylvania.  Police discovered money, drugs, and drug paraphernalia in the residence in close proximity to Appellant.  The

_____

[1] 35 P.S. § 780-113(a)(16).

_____

*Retired Senior Judge assigned to the Superior Court.

Commonwealth charged Appellant with possession of a controlled substance with the intent to deliver and simple possession. Appellant initially retained private counsel to defend against the charges. Private counsel filed a motion to withdraw on November 24, 2014, claiming Appellant had not honored their fee agreement and citing Appellant's complaints that he could no longer afford private counsel. The court granted counsel's motion and directed Appellant to apply for representation with the Public Defender's Office. Appellant complied and obtained representation from the Public Defender. Several months later, however, the Public Defender sought to withdraw due to a conflict of interest. On April 7, 2015, the court appointed conflict counsel. Conflict counsel later withdrew his appearance, citing a breakdown in the attorney/client relationship. According to Appellant, conflict counsel failed to communicate with him; so, Appellant borrowed money from family and friends to retain private counsel for trial.

Appellant proceeded to a bench trial on October 23, 2015, and was convicted of simple possession on October 26, 2015. On December 11, 2015, the court sentenced Appellant to 6-23 months' imprisonment. After sentencing, the court permitted counsel to withdraw. Appellant timely filed a *pro se* notice of appeal on December 24, 2015. On January 20, 2016, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, which Appellant timely filed *pro se* on January 27, 2016. Appellant filed an untimely post-sentence motion to reduce his sentence on February 5, 2016,

which the court denied on February 11, 2016, for lack of jurisdiction due to the pending appeal.

On February 24, 2016, Appellant filed a *pro se* motion in the trial court requesting appointment of counsel for his appeal, claiming he could not afford counsel. The court did not rule on the motion. On April 21, 2016, Appellant filed an application for appointment of counsel in this Court, which this Court denied without prejudice, directing Appellant to seek relief in the trial court. Appellant filed another motion in the trial court for appointment of counsel on May 18, 2016; the court did not rule on that motion either. In light of Appellant's allegations of indigency and repeated requests for counsel, on September 19, 2016, this Court remanded the matter to determine indigency status and/or consider the appointment of counsel in the interests of justice. Upon remand, the trial court scheduled a hearing for October 5, 2016. On October 11, 2016, the trial court notified this Court that it was unable to assess Appellant's indigency status because Appellant failed to appear at the hearing. The record shows the court sent notice of the hearing to an address where Appellant no longer resides.[2]

As a preliminary matter, Pennsylvania Rule of Criminal Procedure 122 provides:

### Rule 122. Appointment of Counsel

---

[2] In a separate motion filed in this Court on October 27, 2016, Appellant explained why he did not receive notice of the hearing and failed to attend.

(A)  Counsel shall be appointed:

*    *    *

(2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;

(3) in all cases, by the court, on its own motion, when the interests of justice require it.

(B)  When counsel is appointed,

*    *    *

(2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.

Pa.R.Crim.P. 122(A), (B).  Under paragraph (A)(3), the court has authority to appoint counsel regardless of eligibility, when the interests of justice require it.  Pa.R.Crim.P. 122, *Comment*; **Commonwealth v. Cannon**, 954 A.2d 1222 (Pa.Super. 2008), *appeal denied*, 600 Pa. 743, 964 A.2d 893 (2009) (explaining Rule 122 authorizes court to conduct case-by-case evaluations of individual defendants' circumstances to ascertain whether counsel should be appointed).

Instantly, given the significant rights at issue, and in the interests of justice, we decline to proceed with the *pro se* appeal.  The better resolution at this point is to remand this case to the trial court for appointment of counsel within ten (10) days to communicate with Appellant about the issue(s) he wants to pursue on appeal.  Because Appellant appears to seek, *inter alia*, reconsideration of his sentence, appointed counsel must file post-

- 4 -

sentence motions *nunc pro tunc* within ten (10) days of counsel's appointment, to preserve Appellant's sentencing challenge and to restore his appellate rights. Following disposition of the post-sentence motions *nunc pro tunc*, either party can file a timely appeal. Counsel must also verify Appellant's current mailing address and confirm the court has the correct address on file.

Case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2016