J-S49013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MICHAEL GREENE | : | |
| | : | |
| Appellant | : | No. 850 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 26, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000250-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MICHAEL GREENE | : | |
| | : | |
| Appellant | : | No. 851 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 26, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001536-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MICHAEL GREENE | : | |
| | : | |
| Appellant | : | No. 917 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 26, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001186-2016

J-S49013-20

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 23, 2020**

Appellant, Sean Michael Greene, appeals from the judgment of sentence entered on January 26, 2017, as made final by the denial of his post-sentence motion on February 6, 2017,[1] following his guilty pleas to various offenses. We affirm.

The facts and procedural history of this case are as follows.  In late 2015, the Commonwealth charged Appellant with multiple offenses after he committed three separate robberies.  On September 22, 2016, Appellant pled guilty to the following offenses.  At docket number CP-02-CR-0000250-2016 (hereinafter, "Docket Number 250-2016"), Appellant pled guilty to robbery of a financial institution;[2] two counts of robbery-threat of serious bodily injury,[3] fleeing or attempting to elude a police officer ("fleeing or eluding");[4] resisting

---

[*] Former Justice specially assigned to the Superior Court.

[1] As detailed below, on May 1, 2019, Appellant filed a petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In his PCRA petition, Appellant alleged that his trial counsel, despite Appellant's request, failed to appeal his judgment of sentence following the denial of his post-sentence motion.  Appellant's Amended PCRA Petition, 5/1/19, at 3.  The PCRA court granted Appellant's petition and reinstated his right to file this direct appeal.  PCRA Court Order, 6/10/19, at 1.

[2] 18 Pa.C.S.A. § 3701(a)(1)(vi).

[3] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[4] 75 Pa.C.S.A. § 3733(a).

- 2 -

arrest;[5] and conspiracy to commit robbery.[6] At docket number CP-02-CR-0001536-2016 (hereinafter, "Docket Number 1536-2016"), Appellant pled guilty to conspiracy to commit robbery.[7] Lastly, at docket number CP-02-CR-0001186-2016 (hereinafter, "Docket Number 1186-2016"), Appellant pled guilty to attempt to commit theft by unlawful taking.[8]

The trial court sentenced Appellant on January 26, 2017. At Docket Number 250-2016, the trial court sentenced Appellant to two to four years' imprisonment for robbery of a financial institution; four to eight years' imprisonment for both counts of robbery-threat of serious bodily injury; one to two years' imprisonment for fleeing or eluding; and six to 12 months' imprisonment for conspiracy to commit robbery. The trial court ordered the aforementioned sentences to run consecutively to each other. At Docket Number 1536-2016, the trial court sentenced Appellant to one to two years' imprisonment. The trial court ordered the sentences imposed at Docket Numbers 250-2016 and 1536-2016 to run consecutively. Finally, at Docket Number 1186-2016, the trial court sentenced Appellant to six to 12 months' imprisonment. The court ordered the sentence imposed at Docket Number

---

[5] 18 Pa.C.S.A. § 5104.

[6] 18 Pa.C.S.A. § 903 and 3701(a)(1)(vi).

[7] 18 Pa.C.S.A. § 903 and 3701(a)(1)(vi).

[8] 18 Pa.C.S.A. § 901 and 3921(a).

1186-2016 to run consecutively to Appellant's other sentences. Thus, the trial court sentenced Appellant to an aggregate term of nine to 18 years' incarceration.

Appellant filed a motion to modify his sentence on February 6, 2017. The trial court denied Appellant's motion on February 13, 2017. Appellant did not appeal. Thereafter, on February 28, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court subsequently appointed counsel and, on May 1, 2019, court-appointed counsel filed an amended PCRA petition on Appellant's behalf. In his petition, Appellant sought reinstatement of his appellate rights and claimed that, despite his request, trial counsel failed to appeal the discretionary aspects of his sentence. Appellant's Amended PCRA Petition, 5/1/19, at 1-4. The court granted Appellant's petition on June 10, 2019, and reinstated his appellate rights. Trial Court Order, 6/10/19, at 1.

Appellant filed separate notices of appeal at each docket on June 18, 2019.[9] *See Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). On July 15, 2019, the trial court entered an order at Docket Number 1186-2016 directing Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Trial Court Order, 7/15/19, at 1; *see also* Pa.R.A.P. 1925(b). Appellant, however, did not file his concise statement until March 4, 2020. On March 4, 2020, Appellant filed identical concise statements at Docket Number 1536-2016 and Docket

_____

[9] This Court consolidated Appellant's appeals *sua sponte* by order dated July 24, 2019.

- 4 -

Number 250-2016 but, failed to file a concise statement at Docket Number 1186-2016. The "issue Appellant [] set forth [in his concise statements] required almost an entire page of [the trial court's Rule 1925(a) opinion] to restate . . . in its entirety." Trial Court Opinion, 6/9/20, at 11. Thus, the trial court, in its 1925(a) opinion, stated that Appellant waived his claim on appeal because he failed to file a Rule 1925(b) statement at each docket and because Appellant's Rule 1925(b) statement was not "'concise' and coherent [so] as to permit the trial court to understand the specific issues being raised on appeal." **Id**. at 10-11 and 12 (citation omitted).

In view of the circumstances surrounding Appellant's response to the trial court's Rule 1925(b) order, we must "determine whether [Appellant] properly preserved [his] issues for appellate review." **Kanter v. Epstien**, 866 A.2d 394, 400 (Pa. Super. 2005), *appeal denied*, 880 A.2d 1239 (Pa. 2005). We first address Appellant's failure to file a timely[10] concise statement at each docket.

> It is well-settled that an appellant's failure to comply with a trial court's Rule 1925(b) [o]rder results in a waiver of all issues on appeal. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also** Pa.R.A.P. 1925(b)(4)(vii). Rule 1925(b)(2)

---

[10] The trial court does not address the timeliness of Appellant's Rule 1925(b) concise statements filed at Docket Number 250-2016 and Docket Number 1536-2016. There is no mention and no indication in the record that Appellant requested and received an extension of time to file his concise statements. "It is well settled that, '[f]or purposes of appellate review, what is not of record does not exist.'" **Commonwealth v. Holley**, 945 A.2d 241, 246 (Pa. Super. 2008) (citation omitted). In view of these circumstances, it appears that Appellant did not file an extension request and, as such, did not timely comply with the court's Rule 1925(b) order.

provides that "[t]he judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [s]tatement."  Pa.R.A.P. 1925(b)(2); **see also** Pa.R.A.P. 108(a) (noting that the date of entry of an order "shall be the day the clerk of the court ... mails or delivers copies of the order to the parties[.]").  Further, when a Rule 1925(b) order is entered, the clerk of courts must furnish copies of the order to the parties and record the date of service of the order in the docket pursuant to Pa.R.Crim.P. 114.

**Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa. Super. 2017).

Pa.R.Crim.P. 114 states, in relevant part, as follows:

**(C) Docket Entries**

(1) Docket entries promptly shall be made.

(2) The docket entries shall contain:

(a) the date of receipt in the clerk's office of the order or court notice;

(b) the date appearing on the order or court notice; and

(c) the date of service of the order or court notice.

Pa. R. Crim. P. 114(C).

In the case *sub judice*, the trial court issued its Rule 1925(b) order on July 15, 2019.  The order, however, only appears on Docket Number 1186-2016.  There is no entry reflecting the court's Rule 1925(b) order on either Docket Number 250-2016 or Docket Number 1536-2016.  Further, upon review of the docket entry on Docket Number 1186-2016, there is no notation that the order was forwarded to Appellant's counsel, nor any indication of the date upon which service supposedly occurred.  **See** Pa.R.Crim.P. 114(C)(2).  "Based upon the lack of recordation in the docket, we are unable to determine

- 6 -

the date of service of the [o]rder, as required under Criminal Rule 114, and cannot conclude that [Appellant] failed to comply with the [] court's directive to file a concise statement." ***Chester***, 163 A.3d at 472. As such, we decline to find Appellant's claim waived on this basis.[11]

We next address whether, as the trial court suggests, Appellant's failure to file a "concise and coherent" Rule 1925(b) statement results in waiver. Trial Court Opinion, 6/9/20, at 10-11. This Court previously explained:

> Rule 1925(b) authorizes a trial court to order an appellant to file a "concise statement of matters complained of on appeal." Pa.R.A.P. 1925(b). Failure to comply with a Rule 1925(b) order may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. Regarding vague or overly broad statements, this Court has also stated:
>
>> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>>
>> In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. While [***Lord***] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his [c]oncise [s]tatement, for the reasons set forth above we conclude that ***Lord*** should also apply to [c]oncise [s]tatements which are so vague as to prevent the court from identifying the issue to be raised on appeal. [Thus, if a vague or overly broad concise statement hampers

---

[11] Pursuant to Rule 1925(c)(1), we "may" remand to determine "whether [the s]tatement [was] filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1). We decline to do so in the interest of judicial economy.

> appellate review, no issues are presented for purposes of appeal. ***Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001)].

***Karn v. Quick & Reilly Inc.***, 912 A.2d 329, 335 (Pa. Super. 2006).

The issue contained within Appellant's Rule 1925(b) statement is not exactly precise. ***See*** Appellant's Rule 1925(b) Statement, 3/4/20, at 3. Indeed, it is a paragraph long and arguably raises multiple issues. ***Id.*** The trial court, however, "filed an opinion which meaningfully addressed [Appellant's] argument[]." ***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008) (*en banc*). Accordingly, "our review has not been hindered, and we will therefore turn to the merits." ***Id.***; ***see also Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2017) (holding that a vague Rule 1925(b) concise statement does not preclude appellate review when "the [trial] court readily apprehended [the a]ppellant's claim and addressed it in substantial detail").

Appellant raises the following issue on appeal:[12]

> Did the trial court abuse its discretion in imposing a sentence that was manifestly excessive, unreasonable, and contrary to the dictates of the Sentencing Code when the trial court overlooked and/or failed to carefully consider relevant factors when sentencing [Appellant], including the unique facts and circumstances of the crimes, [] his background, and rehabilitative needs?

Appellant's Brief at 5.

---

[12] The remaining issues presented by Appellant relate to his 1925(a) statement. ***See*** Appellant's Brief at 5. We have already addressed these issues above.

Herein, Appellant argues that the trial court abused its discretion in fashioning his sentence. Appellant claims that the trial court issued his sentence without considering all of the "relevant factors" of 42 Pa.C.S.A. § 9721(b). Appellant's Brief at 21. In particular, Appellant argues that the trial court "ignored the unique circumstances of the case," and mitigating factors such as his "background and rehabilitative needs." *Id.*

Appellant's issue therefore implicates the discretionary aspects of sentencing. As this Court previously explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted).

Appellant has fulfilled the first, second, and third requirements of the above-mentioned four-part test. Appellant, however, failed to raise a substantial question. As this Court has explained, to establish a substantial question, an "appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms

underlying the sentencing process." ***Commonwealth v. Cannon***, 954 A.2d 1222, 1229 (Pa. Super. 2008). Appellant failed to make such a showing. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."[13] ***Id.*** (citation omitted). Because Appellant failed to raise a substantial question, "a review of the merits of the discretionary aspects of his sentence is not warranted." ***Id.***

Even if a substantial question were raised, we would conclude that Appellant is not entitled to relief. Our standard of review of a challenge to the discretionary aspects of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

\*\*\*

_____

[13] "This Court has held that a substantial question exists when a sentencing court imposed a sentence **in the aggravated range** without considering mitigating factors." ***Commonwealth v. Rhoades***, 8 A.3d 912, 919 n.12 (Pa. Super. 2010) (emphasis in original), *citing* ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003). Because Appellant's sentences fell within the mitigated and standard ranges, we conclude that he failed to raise a substantial question. ***See Rhoades***, 8 A.3d at 919, n.12.

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa. Super. 2014) (internal citations, quotations, original brackets and ellipsis omitted). Moreover, when sentencing a defendant to total confinement, a trial must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." *Id.*

Upon review of the sentencing hearing transcripts, we conclude that the trial court considered the relevant factors and did not abuse its discretion in imposing Appellant's sentence. At the outset of the sentencing hearing, the trial court noted that it "ordered a [PSI] report" and it was "reviewed by the

[c]ourt." N.T. Sentencing Hearing, 1/26/17, at 3. The court then outlined the sentencing guidelines for each of the various crimes. *Id.* at 4-5. Thereafter, Appellant's counsel gave the court "a packet of letters" from various family members and neighbors of Appellant's parents which, *inter alia*, detailed Appellant's extensive history of substance abuse. *Id.* at 5-6. Appellant's counsel also provided a lengthy statement and discussed various factors, including Appellant's rehabilitative needs, as well as his compliance with police officers after arrest and good behavior while incarcerated. *Id.* at 5-13. In addition, Heather Groelsena from Justice Related Services testified during the sentencing hearing and remarked on Appellant's need for rehabilitation. *Id.* at 13-14. Further, Appellant provided a statement in which he apologized for his actions. *Id.* at 18. Lastly, the prosecutor for the Commonwealth commented on the impact Appellant's actions had on the various victims and made a recommendation to the trial court regarding the length of Appellant's sentence. *Id.* at 18-19.

The trial court then provided the following statement.

As to [Appellant], the [c]ourt is, consistent with the provisions of the [S]entencing [C]ode[,] the [c]ourt has considered the protection of the public, the gravity of the offense as it relates to the impact on the victims in these matters, and on the punitive and the rehabilitative needs of [Appellant].

[The c]ourt notes that the evaluative summary stated in the [PSI] report stated that [Appellant's] convictions dating back to 1990 for burglary, theft, robbery, criminal conspiracy, and drug related offenses, [Appellant] having been incarcerated at both the state and local levels in two states, having been granted community[-]based supervision and has incurred attributable

- 12 -

offenses and technical violations that have resulted in additional sanctions.

The [c]ourt also notes that the [PSI] report details his history, social history, much of which he has commented on, or has been commented on in the letters provided to the [c]ourt from the various family members, neighbors and concerned persons in regard to his history, as well as [sentencing counsel] on [Appellant's] behalf.

The [c]ourt notes the input of Ms. Groelsena and the mental health histories, such as it is, and as it intertwines with the substance abuse history detailed by [Appellant], himself.

[The c]ourt notes the statements made by [the Commonwealth] at this time. The [c]ourt notes the understanding, if not agreement [that] the sentence would be capped at a certain number, and the guidelines, of course, in separate instances and most times in these courtrooms requires, at least from my perception, especially when they are separate crimes, requires separate sentences in terms of a consecutive nature.

The [c]ourt also notes the request by [Appellant's counsel] to lower the cap, so to speak. The [c]ourt has taken into account the fact [that] there were no weapons involved. However, the [c]ourt in conjunction [with] that . . . notes regardless of that, the victims were profoundly affected. One had to be removed from her job as a bank teller, the other indicated that her life has been altered in a traumatic way, she had to take time off and had to change jobs entirely because of the incident.

The [c]ourt will sentence [Appellant] in light of all those considerations – again[,] the [c]ourt notes the letters which I have reviewed which detail in a different way [Appellant's] history with drug addiction and his family life over the years.

N.T. Sentencing Hearing, 1/26/17, at 22-24. The trial court's statement during sentencing demonstrates that, contrary to Appellant's assertion, it carefully considered the circumstances of the case, Appellant's background, and Appellant's rehabilitative needs. *See* Appellant's Brief at 21. Even without such a statement, the trial court had the benefit of the PSI report, and

therefore, "we shall presume" that the court "consider[ed] the particular circumstances of the offense[,] the character of the defendant," and other, relevant factors, when issuing Appellant's sentence. ***Antidormi***, 84 A.3d at 760-761. Accordingly, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2020