J-S26010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH JACKSON | : | |
| | : | |
| Appellant | : | No. 2243 EDA 2022 |

Appeal from the PCRA Order Entered July 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010587-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMIAH JACKSON | : | |
| | : | |
| Appellant | : | No. 2244 EDA 2022 |

Appeal from the PCRA Order Entered July 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010601-2014

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 11, 2023**

Appellant, Jeremiah Jackson, appeals in these consolidated cases from the July 21, 2022 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant contends the PCRA court erred by denying an evidentiary hearing relating to his inability to testify

at his suppression hearing and relating to after-discovered evidence. Following review, we affirm.[1]

The PCRA court provided a detailed account of the factual background of this case, with citations to the notes of testimony from Appellant's May 25-26, 2017 waiver trial. **See** PCRA Court Opinion, 11/4/22, at 3-8. In his brief, Appellant concedes that "[t]he factual history is adequately set forth in the trial court's [*sic*] opinion[.]" Appellant's Brief at 4.

The court's "Factual Background" summarized the trial testimony and evidence establishing that on the evening of July 13, 2014, Appellant beat up his rooming house neighbor before robbing her and strangling her to death. He then moved some of her possessions into his room and took her ATM card. He bound up her body, placed it in a trash bag, and transported it in her car to an abandoned lot in North Philadelphia. After dumping her body in the lot, he drove to a gas station and used her ATM card to buy a gas can and gasoline at approximately 1:30 a.m. on July 14. Appellant then proceeded to a South Philadelphia neighborhood where he poured gasoline on his victim's car and lit it, burning his forearm in the process and leaving behind his cellphone. From there, he went to his mother's home, arriving at approximately 4:30

---

[1] The docket reflects the spelling of Appellant's last name as "Jakson." Appellant, however, confirmed that the correct spelling is "Jackson." **See** Notes of Testimony, Hearing, 10/19/16, at 12-13. We have corrected the caption accordingly.

a.m. His mother called an ambulance, which transported Appellant to the University of Pennsylvania Hospital, where he was treated for his burns.

Hours later, a Philadelphia police lieutenant responded to a report of a vehicle fire and located the victim's car, a gas can, and Appellant's cellphone. While on his way to headquarters to prepare a preliminary report, the officer heard a radio call reporting a male with open flame burns being transported to the University of Pennsylvania Hospital. The officer proceeded to the hospital and interviewed Appellant who explained that he was burned while with a group of friends. He claimed he and his friends were confronted by a group of males who threw an item at them that was on fire, causing his burns.

The police investigation quickly led to connecting the two crime scenes. On July 15, two police detectives, James Burns and James Pitts, went to Crozer-Chester Hospital, where Appellant was then being treated for his burns. Appellant initially told the detectives the same story he fabricated for the lieutenant. When Appellant told the detectives he was being released from the hospital, they offered him a ride back to Philadelphia. Appellant accepted. The detectives drove to the Philadelphia Homicide Unit and placed Appellant in an interview room where they read him his Miranda rights and interviewed him. During the interview, which was recorded on video, Appellant changed his story, ultimately implicating a prostitute named Shaneeka as the person who actually assaulted and choked the victim. He admitted assisting Shaneeka with moving the body and burning the car. He claimed Shaneeka

- 3 -

withdrew the money from the ATM and bought the gas can. However, the gas station cameras showed only Appellant at the ATM and buying the gas can.

Subsequently, cell site analysis of Appellant's phone confirmed his phone traveled from the area of the rooming house where he and his victim lived, to the area where her body was discovered, to the area close to the gas station, and to the vicinity of the car fire. Further, while incarcerated, Appellant wrote a letter to another inmate in which he acknowledged planning the murder and fabricating a story to avoid conviction. At trial, Appellant testified, maintaining that Shaneeka struck and choked the victim, that it was Shaneeka's idea to dump the body, and that he went along with Shaneeka's plan because he was intoxicated and did not want to get into trouble.

Again, in his brief, Appellant acknowledged that the factual background was adequately set forth in the PCRA court's opinion. Appellant's Brief at 4. Our review of the trial testimony confirms that the court has fairly summarized the testimony and evidence presented.

At the conclusion of trial, the trial court found Appellant guilty of first-degree murder, robbery, burglary, abuse of corpse, and arson,[2] and imposed a sentence of life in prison for murder along with consecutive sentences on the remaining charges. Appellant did not file post-sentence motions or an appeal to this Court.

_____

[2] 18 Pa.C.S.A. 2502(a), 3701(a)(1)(i), 3502(a)(1), 5510, 3301(a)(1)(i), respectively.

On May 10, 2018, Appellant filed a timely *pro se* PCRA petition alleging trial counsel ineffectiveness for failing to file post-sentence motions or a direct appeal. Counsel was appointed and filed an amended petition alleging ineffectiveness for failing to file an appeal as well as an after-discovered evidence claim relating to Detective Pitt's alleged misconduct in other cases.

The PCRA court conducted an evidentiary hearing limited to Appellant's original claim of ineffectiveness for failing to file a direct appeal. Following that August 22, 2019 hearing, the court denied the claim, finding Appellant had not requested that counsel file an appeal. The court granted PCRA counsel time to investigate and file a supplemental amended petition regarding the claim involving Detective Pitts.

On March 3, 2022, PCRA counsel filed a supplemental amended petition contending that Detective Pitts coerced Appellant's statement to police and that Pitts' conduct in other cases demonstrates "clear evidence of a pattern, practice and custom of police misconduct which makes the verdict in this case unreliable and violates the constitutional right the defendant has to due process and a fair trial." Supplemental Amended Petition, 3/3/22, at ¶ 7.

The Commonwealth filed a response and Appellant's counsel filed a reply to the response. On June 9, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss and, on July 21, 2022, entered the order at issue in this appeal, dismissing the PCRA petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this appeal, Appellant asks us to consider two issues:

1. Did the PCRA court err in dismissing Appellant's amended and supplemental amended petitions without holding an evidentiary hearing regarding Appellant's claim that he was prevented from testifying at his suppression hearing where he could have established physical and/or psychological coercion used to coerce his "confession"?

2. Did the PCRA court err in dismissing Appellant's amended and supplemental amended PCRA petitions without holding an evidentiary hearing based upon after discovered evidence?

Appellant's Brief at 3 (some capitalization omitted).

We first note that "[t]o be entitled to relief on an ineffectiveness claim, [the petitioner] must prove the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice." *Commonwealth v. Solano*, 129 A.3d 1156, 1162 (Pa. 2015) (citing *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001) and *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Id.* (citation omitted).

Further, as an *en banc* panel of this Court recently reiterated:

Our standard of review of an order denying PCRA relief is well-established:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing or to hold a

limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Murchison*, 294 A.3d 1251, 1260-61 (Pa. Super. 2023) (*en banc*) (quoting *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations and quotation marks omitted)).

In his first issue, Appellant argues that the PCRA court erred by failing to conduct an evidentiary hearing on Appellant's claim that he was prevented from testifying at his suppression hearing. He contends that his testimony at the suppression hearing could have established that his confession was coerced. Although the claim was set forth in Appellant's Rule 1925(b) statement, Appellant failed to raise the issue before the PCRA court. PCRA Court Opinion, 11/4/22, at 10 (citing Pa.R.A.P. 302(a)). "Moreover, [Appellant] nowhere in his Amended Petition, Supplemental Amended Petition, or Statement of Errors specifies how he was prevented from testifying, nor who or what was responsible for keeping him off the stand. Under these circumstances, his claim is waived." *Id.* (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009) (where a defendant makes a vague and generalized objection of appeal that leaves the trial court to guess at his claims, those claims are deemed to have been waived)).

Importantly, as the Commonwealth recognizes, an assertion that Appellant's confession was coerced is refuted by the "video of the entire interview, entered into evidence at trial, which showed no such misconduct whatsoever." Commonwealth Brief at 9. "Moreover, there was overwhelming evidence of [Appellant's] guilt beyond his own confession." *Id.* (referencing Appellant's burns resulting in hospital treatment; the cellphone left behind at the scene of the vehicle burning; the cell phone tracking from the area of Appellant's home to the site where the body was dumped, then to the gas station, and then to the area where the vehicle was burned; the gas station video; and the letter Appellant wrote from prison acknowledging he fabricated his story). Considering the overwhelming evidence of Appellant's guilt, the Commonwealth is correct in suggesting that Appellant's testimony at the suppression hearing would not have resulted in a different verdict and Appellant would be unable to prove the prejudice prong of the test for ineffectiveness. Therefore, even if not waived, Appellant's first issue would fail for lack of merit. We find no error in the PCRA court's rejection of Appellant's first issue.

In his second issue, Appellant argues PCRA court error for dismissing his supplemental amended petition without holding an evidentiary hearing based on after-discovered evidence related to Detective Pitts' history of employing coercive tactics to obtain confessions. As this Court has recognized:

To warrant a new trial based on after-discovered evidence, the appellant must show that the evidence "(1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict." *Commonwealth v. Castro*, 625 Pa. 582, 93 A.3d 818, 82[8] (2014) [Todd, J., concurring (citing *Commonwealth v. Pagan*, 597 Pa. 69, 950 A.2d 270, 292 (Pa. 2008)].

*Commonwealth v. Brown*, 134 A.3d 1097, 1108 (Pa. Super. 2016) (additional citation omitted).

The Commonwealth refuted Appellant's claim, noting that "[t]he mere fact that former Detective Pitts may have committed misconduct in another case did not and could not erase the simple fact that in *this case* there was clear video evidence which established that no misconduct occurred here." Commonwealth Brief at 10 (emphasis in original). Therefore, Appellant failed to establish that his proposed evidence would have compelled a different result. *Id.*

In *Brown*, this Court addressed and rejected a similar claim. In that case, Brown asserted that Detective Pitts' pattern of misconduct in other cases entitled Brown to a new trial in his own case. We held that,

even assuming such testimony is producible and admissible at an evidentiary hearing, these statements would solely be used to impeach Detective Pitts's credibility. The proposed witnesses, if available to testify, would allege that Detective Pitts committed misconduct in coercing their statements in other murder cases, but none of the witnesses can provide any new evidence concerning his conduct in this case. As such, Appellant has not shown that he is entitled to a new trial by presenting after-discovered evidence that will not be used solely to impeach a witness's credibility as required by *Castro*.

- 9 -

***Brown***, 134 A.3d at 1109.  ***See also Commonwealth v. Epps***, 240 A.3d 640, 653-54 (Pa. Super. 2020) (on appeal from dismissal of PCRA petition, this Court rejected after-discovered evidence claim based on conduct of Detective Pitts in other cases).

Again, a PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion.  ***Murchison, supra***.  Finding no abuse of discretion on the part of the PCRA court, we shall not disturb its ruling.  Appellant's second issue fails.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 11, 2023</u>