J-S16040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN ANDERER | : | |
| | : | |
| Appellant | : | No. 1489 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006574-2018

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED June 21, 2021**

Appellant Stephen Anderer appeals from the judgment of sentence entered on January 13, 2020 after Appellant was convicted of six counts of Robbery (fear of serious bodily injury), seven counts of Robbery (fear of bodily injury), seven counts of Robbery (take property of another by force), seven counts of Terroristic Threats, two counts of Theft by Unlawful Taking, three counts of Receiving Stolen Property, and Persons Not to Possess a Firearm. Appellant challenges the discretionary aspects of his sentence. We affirm.

Appellant was charged in connection with three separate armed robberies in Montgomery County that occurred on September 23, 2017 at a Rite Aid Pharmacy in Ambler, on October 2, 2017, at a business named Trendz and Frendz in Huntingdon Valley, and on October 15, 2017, at a Sunoco Mini

_____

[*] Former Justice specially assigned to the Superior Court.

Mart in Hatboro. Appellant was accused of entering the local businesses wearing skull Halloween masks, threatening employees and customers with either a box cutter knife or a firearm, pointing the firearm directly at multiple individuals, demanding money from the cash registers, robbing the stores of hundreds of dollars in U.S. currency and cigarettes, and threatening to shoot children that observed him fleeing the area.

A witness to the third robbery of the Sunoco Mini Mart observed Appellant flee in a black Ford Fusion. The witness contacted authorities while following Appellant, which allowed responding officers to catch up to Appellant's vehicle. Thereafter, Appellant led officers on a high-speed chase in which Appellant threw items of clothing, including a skull mask, out of the vehicle's window. As Appellant operated his vehicle at speed of approximately 100 miles per hour, officers discontinued the chase due to safety concerns.

However, officers were able to identify the Black Ford Fusion through its vehicle information, which showed it was registered to Tamika Ross. On October 17, 2017, officers located the black Ford Fusion in Bensalem Township and discovered it was occupied by Appellant and Ross. Both Appellant and Ross were taken into custody. Officers connected Appellant to the robberies through DNA evidence obtained from items Appellant left at the crime scenes as well as his cell phone location data.

After a bifurcated trial, on October 10, 2019, the jury convicted Appellant on all counts of Robbery, Terroristic Threats, Theft by Unlawful

Taking, and Receiving Stolen Property. The trial court convicted Appellant separately of Persons Not to Possess a Firearm.

The Commonwealth notified Appellant of its intent to seek mandatory ten-year sentences for each of Appellant's six convictions for Robbery (fear of serious bodily injury) as second strike offenses pursuant to 42 Pa.C.S.A. § 9714 in light of Appellant's 2004 conviction for Robbery (fear of serious bodily injury).

On January 13, 2020, the trial court imposed an aggregate sentence of twenty-nine and one-half (29½) to fifty-nine (59) years' imprisonment. In doing so, the trial court sentenced Appellant to six mandatory sentences of ten (10) to twenty (20) years' imprisonment for the Robbery (fear of serious bodily injury) convictions, but chose to run two of the sentences consecutively and the rest concurrently.

On January 22, 2020, trial counsel filed a notice of appeal which was docketed at 404 EDA 2020. On January 23, 2020, trial counsel filed a post-sentence motion to modify the sentence in the trial court. On April 28, 2020, trial counsel filed an application to discontinue the appeal at 404 EDA 2020.

On May 5, 2020, this Court entered an order discontinuing the appeal at 404 EDA 2020 and specifically granted Appellant permission "to file an appeal from the judgment of sentence following the disposition of post-

sentence motions." On July 7, 2020, the trial court denied Appellant's post-sentence motion.[1]

On July 29, 2020, Appellant filed the instant appeal.[2] On August 12, 2020, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of its order. The order specifically stated that any issue not properly included within the concise statement would be deemed waived. On September 1, 2020, Appellant timely filed his concise statement.

In his appellate brief, Appellant raises three issues for our review:

1. Is [Appellant's] aggregate sentence of 354-708 months (29.5 – 59 years), made up of consecutive sentences including one above the aggravated range for crimes in which no one was physically injured clearly unreasonable and manifestly excessive pursuant to 42 Pa.C.S. § 9781(c)(2) and 42 Pa.C.S. § 9781(c)(3)?

2. Is [Appellant's] aggregate sentence of 354-708 months (29.5 – 59 years) disproportionate pursuant to 42 Pa.C.S. § 9721(b) when the sentencing court failed to consider [Appellant's] rehabilitative needs?

_____

[1] The trial court's resolution of Appellant's post-sentence motion was delayed by the judicial emergency declared in light of the COVID pandemic. While trial courts typically are required to resolve a post-sentence motion with 120 days of its filing pursuant to Pa.R.Crim.P. 720, we find the trial court complied with its obligations under this rule as a majority of the time period was tolled during the judicial emergency. *See In re: General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. filed May 27, 2020) (due to the COVID-19 pandemic, suspending time calculations and filing deadlines from March 16, 2020, through June 1, 2020).

[2] Appellant's notice of appeal erroneously stated that the judgment of sentence was imposed on October 10, 2019, rather than January 13, 2020. We have amended the caption accordingly.

3. Does [Appellant's] aggregate sentence of 354-708 months (29.5 – 59 years) require remand when the trial court failed to state with specificity its reasons for disregarding the guidelines, and indeed, actually claimed it had not exceeded the guidelines at all in violation of 42 Pa.C.S.A. § 9781(c)(1)?

Appellant's Brief, at 2.

The following principles apply to our consideration of Appellant's challenges to the discretionary aspects of his sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

**Commonwealth v. Manivannan**, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant timely filed a notice of appeal, but failed to preserve two of his issues by raising them before the trial court. In his post-sentence motion, Appellant did not claim his aggregate sentence was

unreasonable or excessive in any way and did not assert that the trial court failed to specify its reasons for imposing its sentence. Instead, Appellant generally claimed that the "reasons offered by the Court for sentencing [Appellant] to a term of total confinement of twenty nine and a half to sixty years [sic] fail to demonstrate compliance with the governing sentencing law." Post-sentence motion, 1/23/20, at 2.

Our rules of appellate procedure provide that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Specifically, "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Bradley**, 237 A.3d 1131, 1138 (Pa.Super. 2020) (citing **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)). Moreover, "for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008).

As such, we find that Appellant's vague claim in his post-sentence motion that the trial court did not comply with applicable sentencing law did not preserve his claims that his aggregate sentence was manifestly excessive or that the trial court did not adequately set forth its reasons for its sentence.[3]

_____

[3] Similarly, these issues are also waived as Appellant did not raise these specific arguments in his court-ordered 1925(b) statement. "[I]f a trial court
*(Footnote Continued Next Page)*

- 6 -

Therefore, the only claim Appellant preserved in the lower court and in his Rule 2119(f) statement in his brief is his argument that the trial court failed to consider his rehabilitative needs. However, we must determine whether Appellant raised a substantial question meriting our discretionary review. This Court has recognized that:

> [t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (quotation marks and some citations omitted).

It is well-established that:

> this Court repeatedly has held that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Eline**, 940 A.2d 421, 435 (Pa.Super. 2007) **see also Commonwealth v. Cannon**, 954 A.2d 1222, 1228–29 (Pa.Super. 2008) (claim that trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question). In **Eline**, this Court concluded an appellant's argument that "the trial court failed to give adequate consideration to [his] poor health and advanced age" in fashioning his sentence does not raise a substantial question. In so finding, we explained "[t]his court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Id**. (citation omitted).

---

orders a party to file a concise statement, any issue not raised in the statement is waived." **Commonwealth v. Rogers**, ___A.3d___, 8 EAP 2020, at *11 (Pa. May 18, 2021) (citing **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998) and Pa.R.A.P. 1925(b)(4)(vii)).

***Commonwealth v. Crawford***, \_\_\_A.3d\_\_\_, 2021 PA Super 62 (Pa.Super. Apr. 9, 2021).

Likewise, Appellant's claim that the trial court failed to consider his rehabilitative needs does not constitute a substantial question for review. As such, we decline to review his argument further and conclude that the trial court properly exercised its discretion in imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2021